Amite County School Board *v.* Reese *et al.*\*

(Division B. May 10, 1926. Suggestion of Error Overruled May 24, 1926.)

[108 So. 439. No. 25603.]

1. Schools and School Districts. *County school board may, on its own initiative, change boundaries of consolidated school district, provided no tax has been levied, and school has not been in operation as much as one session (Laws 1924, chapter 283, sections 38, 108, an chapter 287).*

    Under Laws 1924, chapter 283, sections 38 and 108, construed together, county school board may, on its own initiative, change boundaries of consolidated school district, provided no tax has been levied, and school has not been in operation as much as one session, making it immaterial whether district to which territory was added was legally established, or whether defect information was cured by chapter 287.

2. Schools and School Districts. *County school board held to have had authority to change boundaries of consolidated school district at meeting subsequent to meeting at which it was established, there having been no tax levied nor school operated for one session (Laws 1924, chapter 283, section 100).*

    County school board *held* to have had authority to change boundaries of district organized under Laws 1924, chapter 283, section

100, before tax had been levied in district or school operated one session, although change was made at meeting subsequent to meeting at which it was established, since action of school board in establishing school districts and defining boundaries is not matter of judicial determination, but is more in nature of legislation.

3. MUNICIPAL CORPORATION.

Legislative board may meet and pass ordinances and at subsequent meeting repeal ordinances.

*Corpus Juris-Cyc References: Municipal Corporations, 28Cyc, p. 383, n. 53. Schools and Schools Districts, 35Cyc, p. 834, n. 92.

APPEAL from chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Bill by E. M. Reese and others against the Amite county school board. Decree for plaintiffs, and defendant appeals. Reversed and remanded.

*D. C. Bramlette,* for appellant.

1. *This order enjoined shows on its face conclusively that the county school board, appellants, should have passed and adopted same.* See section 108, chapter 283, Laws of 1924. The county school board, clothed with the power of discretion and given the right under the statute to use its best judgment in matters of this kind, had ample authority to pass this order. It would be an unrighteous rule that would take away this power given appellants under the law. Even had the Williams Winans School been created and organized as the law required, still appellants would have had the unquestioned right under the law to have changed its boundary, as this record shows the alleged William Winans School never operated a single day, never exercised the privileges and franchises of a consolidated school for a single moment.

II. *Under chapter 287, Laws of 1924, the Bethany consolidated school district cannot be attacked and its*

143 Miss.—56.

*existence challenged in this proceeding.* The record in this case shows that this curative statute takes care of and perfects any technical defects that might have existed regarding the Bethany school district. It had been operating and exercising the privileges and franchises of a consolidated school down to the present date.

The evidence given by the superintendent of education shows that this consolidated school district is to-day legal and valid under the curative act of our state; that it has exercised the privileges, rights and franchises of a legal district for more than nine years and has never been in litigation; that trustees were elected; that pupils were transported; that it operated seven months in a year; that it contained more than ten square miles; that it levied taxes; and that taxes were paid therein for more than nine years. In the face of this evidence and in the face of the record, these appellees cry that this is not a legal district.

They go behind the solemn order of the school board creating the Bethany school nine years ago and attempt in this collateral attack, in the face of this curative act, to destroy a legal school district simply to save and advance their own selfish ends and possessions without giving to the Bethany people the right, that they are entitled to under the law, to raise their voice by a petition as the law requires, either for or against it. Section 13, chapter 283, Laws of 1924.

Sections 41, 42, and 43, chapter 283, Laws of 1924, taken in conjunction with section 108, show that it was and is the unquestioned right of the county school board, these appellants, in their sole discretion, to pass and adopt this order enjoined, which shows clearly and conclusively on its face that no harm or no damage under the law could be done any person by its adoption.

III. *Appellants having the discretionary right under these statutes to pass this order, the courts will not interfere in any manner—not even by injunction, that dan-*

*gerous weapon that bends even the discretionary will of a free people.* 24 R. C. L., p. 575, sec. 24.

IV.  *This bill presents a collateral attack on the creation of the Bethany school district and cannot be entertained.  Dye* v. *Mayor of Sardis,* 119 Miss. 359; *Liddell* v. *Noxapater,* 129 Miss. 513; *Hinton* v. *Perry County,* 84 Miss. 536; and *Barron* v. *Purdy Road District,* 131 Miss. 778.

*R. S. Stewart* and *C. T. Gordon,* for appellees.

The first question in this case is whether there ever was a Bethany consolidated school district created, so as to have a legal status; and if so, what were its boundaries and did the order creating the Williams Winans Institute consolidated district embrace any of that territory?

It clearly appears from the order copied from the minutes of the Amite county school board as entered July 15, 1917, that there was no description of this territory given.  It appears from the testimony of J. N. Steele, Superintendent of Education of Amite county, Mississippi, one of the school board and a defendant, that there had never been any description of the Caston school district, the Bethany school district or of the consolidated Bethany school district.  This school territory was neither bounded by roads, rivers, farms, metes or bounds, or by sections.  There was nothing to show where it was located.  *Our statutes provide that school districts must be defined.*  Section 4514, Code of 1906 (section 7334, Hemingway's Code); section 4512, Code of 1906 (section 7332, Hemingway's Code).

The court has held in the following cases that the district must be formed by a description of the territory.  *North Carrollton* v. *Town of Carrollton,* 113 Miss. 1; *Keeton* v. *Board of Supervisors,* 117 Miss. 72; *King et al.* v. *Board of Supervisors,* 133 Miss. 494, 97 So. 811.  In like manner it has been held that a road district must be

properly described. *Board of Supervisors of Desoto
County* v. *Dean,* 120 Miss. 334.

This court has uniformly held that a board of super-
visors or other board required by law to keep minutes of
its proceedings can speak only through its minutes. See
*Byrd* v. *State,* 1 How. 163; *Root* v. *McFerrin,* 37 Miss.
17.; *Crump* v. *Board of Supervisors,* 52 Miss. 107; *Howe*
v. *State,* 53 Miss. 57; *Bridges & Hill* v. *Board of Super-
visors,* 58 Miss. 817; *Bolivar County* v. *Coleman,* 71 Miss.
832.; *Dixon* v. *Greene County,* 76 Miss. 794; *Mullins et al.*
v. *Shaw et al.,* 77 Miss. 900; *Hinton* v. *Perry County,* 84
Miss. 536; *Miss. Saw Mill Co.* v. *Douglas,* 107 Miss. 678;
*Northern Drainage Dist.* v. *Bolivar County,* 111 Miss.
250; *Lamar County* v. *Tally & Mason,* 116 Miss. 588;
*Smith County* v. *Mangum,* 127 Miss. 192.; *Lincoln County*
v. *Wilson,* 125 Miss. 837; *King et al.* v. *Board of Super-
visors,* 133 Miss. 494. The school board is required to
keep minutes and its acts, likewise, can be proved only
from its minutes.

The appellants contend that under section 108, chapter
283, Laws of 1924, the boundaries of the Bethany con-
solidated school could not be changed. This might be
true if there had ever been any boundaries fixed for the
school district. Going to the minutes of the county school
board that created the school, the boundaries can not be
found.

The appellants claim that under chapter 287, Laws of
1924, the Bethany consolidated school district could not
be attacked as this curative statute perfected the dis-
trict and cured any defects in its creation. In answer
to this, we say that by general statute, the legislature
cannot create that which never was in being. This act
of the legislature could not supply that which was essen-
tial to show where the school district lay and what lands
it embraced.

*This action is not a collateral attack on the creation of
the Bethany district.* This bill was filed and the injunc-
tion was sought and obtained to prevent the school board

from undoing what it had already done, adjudged and ordered on April 27, and this was no attack on the Bethany consolidated school district, but was to protect the rights of the people of the William Winans Institute consolidated school district under the order creating it.

The court has held that the board of supervisors after adjournment could not at a later meeting reverse itself. *Keenan v. Harkins,* 82 Miss. 709. The court also held in *Authur* v. *Adams & Speed,* 49 Miss. 404, that the board could not at a subsequent meeting reverse its judgment entered at a former meeting. See, also, *Board of Police* v. *Grant,* 9 S. & M. 77.

We contend that the Amite county school board could not reverse itself and set aside its order made on April 27, 1925, in final adjudication of the matter, at a subsequent meeting in June, 1925. It had done all that was to be done under the petitions, it could go no further.

*The appellants further contend that the Bethany consolidated school district could not be changed and was legal because of the addition of territory thereto in 1918 and in 1922.* We contend that there was nothing existing to which the addition might have been made. We further contend that there was no legal petition before the school board to change the boundaries of the Forest consolidated school district out of which the territory was taken to make the addition in 1922.

*D. C. Bramlette,* in reply, for appellant.

As supplemental to the brief filed on behalf of the appellants we direct attention to *Board of Supervisors of Wilkinson County* v. *John L. Ash et als.* (1926), 107 So. —, wherein was involved the legality of the William Winans Institute consolidated school and specifically that part thereof in Wilkinson county.

We also direct the court's attention to *Morgan* v. *Wood,* 106 So. 435, wherein the legality of the Glenwild consolidated school district was upheld. Those sponsoring the

William Winans Institute consolidated school district attempted to employ the same methods in taking Glenwild territory in Wilkinson county as they are employing in attempting to take Bethany territory in Amite county in utter disregard of the method or mode prescribed by law. See, also, *Donald* v. *Stauffer*, 106 So. 357, wherein the court held: ''Though trustees of a school district in discharging one teacher and employing another are acting illegally, yet they are acting within the scope of their duties and so cannot be enjoined at suit of a taxpayer.''

Argued orally by *D. C. Bramlette,* for appellant, and *C. T. Gordon* and *R. S. Stewart,* for appellees.

ANDERSON, J., delivered the opinion of the court.

Appellees as taxpayers and patrons of the William Winans Institute consolidated school district filed the bill in this case against appellant, the school board of Amite county, to restrain the latter from passing an order by which appellant sought to eliminate from said consolidated district certain territory, thereby changing the boundary of the district. The case was heard on bill, answer, and proof, and decree rendered in accordance with the prayer of appellees' bill. From that decree appellant prosecutes this appeal.

The following is deemed a sufficient statement of the case for the purpose of bringing into view the questions for decision: In 1917 appellant attempted to organize the Bethany consolidated school district by an order on its minutes consolidating the Caston and Bethany rural school districts. The consolidation order failed to describe the boundaries of the district; neither were the boundaries of the two rural school districts sought to be consolidated described in appellant's minutes. The Bethany consolidated school district thus organized operated from its formation in 1917 up to the time of the

final hearing of this case in the court below, annually levying and collecting a tax for its purpose.

On April 27, 1925, the William Winans Institute consolidated school district was formed under section 100, chapter 283, Laws of 1924 (the School Code chapter). That section of the statute provides in substance that the school board, at any regular or special meeting called for the purposes, on petition of a majority of the patrons of a proposed consolidated school district, may form such a district, and, in doing so, determine and prescribe the boundaries thereof, naming the sections and parts of sections of lands composing the district and designating the school house therefor. In forming this district appellant took out of the Bethany consolidated school district a part of its area and incorporated the same into the district being organized. At another and a later meeting held on June 15, 1925, appellant had prepared and was about to pass an order taking out of the William Winans district that part of its territory which had theretofore been taken from the Bethany district and restoring such territory to the latter district. The passage and entry of this order upon its minutes by appellant was the foundation of this litigation and was enjoined by the decree appealed from.

When the bill in this case was filed the William Winans district had only started upon its career. Neither school bonds for the district had been issued, nor had any taxes been levied and collected for the support of the school of the district.

Appellant's position is that it had the right under the law to restore to the Bethany district the territory which it had theretofore taken from the latter district and incorporated into the William Winans district, while appellees' position is that under the law there was no Bethany consolidated school district; that the orders by which appellant attempted to establish that district were void because the boundaries thereof were not described. Appellant, answering that contention, argues that what-

ever defect there was in the formation and organization of the Bethany district was cured by chapter 287 of the Laws of 1924, which provides in substance that, with one exception not material to refer to, all municipal and unincorporated separate school districts and all consolidated school districts which have exercised the privileges and franchises of a school district for a period of two years or more shall be conclusively presumed to have been legally established and organized.

Appellees argue that appellant's order of May 27, 1925, establishing the William Winans district, was final and could not be changed at a subsequent meeting to be held by appellant; that appellant's action in that respect was like the final judgment of a court or of the board of supervisors on a judicial question; and that after the termination of a meeting at which it was entered appellant was without authority to change the same.

As we view the case, it is unnecessary to decide whether the Bethany district was legally formed and organized or not, for we are of opinion that under section 108, chapter 283, Laws of 1924, the only limitation upon the authority of a county school board to change the boundaries of a consolidated district is that such a change cannot be made after the district has levied a tax and has been in operation one session. Section 38, chapter 283, Laws of 1924, applies to all school districts, except separate municipal school districts. It therefore applies to consolidated school districts. It provides that at its regular annual meeting held not later than June 15th it shall define the boundaries of school districts and make alterations therein, etc. We are referred to no other statute bearing on the authority of the school boards in this respect and we have been unable to find any after a careful reading of the School Code. Construing those two sections of the School Code (chapter 283, Laws of 1924, sections 38 and 108) together, we think they mean that the school board, on their own initiative, without any petition from patrons or taxpayers of the school, have a

right to change the boundaries of a consolidated school district, provided no tax has been levied and the school has been in operation as much as one session.

There is no merit in appellees' contention that appellant was without authority to change the boundaries of the William Winans district at a meeting subsequent to the meeting at which it was established. The action of a school board in establishing rural and consolidated school districts and defining their boundaries is more legislative than judicial in its character. Such action is more in the nature of an ordinance or law than a matter of judicial determination. It partakes very largely of the characteristics of legislation. The principle therefore that a court is without authority to change its judgment after the term at which it was rendered has no application. A legislative board may meet and pass ordinances and at a subsequent meeting repeal such ordinances. In the passage and repeal of ordinances of that character the school board does not act judicially in the sense of the principle invoked by appellees. That a school board may alter the boundaries of a consolidated school district established at a previous meeting of the board was decided by this court in *Purvis* v. *Robinson,* 110 Miss. 64, 69 So. 673.

It follows, from these views, that it is wholly immaterial whether the Bethany district was legally established or not, and it is equally immaterial as to what school district the territory sought to be taken out of the William Winans district goes into.

*Reversed and remanded.*