JAMES *et al. v.* BOARD OF SUP'RS OF WILKINSON COUNTY.*

(Division A. May 14, 1928.)

[117 So. 111. No. 27102.]

*Corpus Juris-Cyc. References: Schools and School Districts, 35Cyc, p. 834, n. 92; p. 839, n. 16; p. 840, n. 18.

*C. T. Gordon* and *A. J. Jones,* for appellants.

492

*D. C. Bramlette* and *P. M. Stockett,* for appellees.

Cook, J. The appellants, with other petitioners, filed with the board of supervisors of Wilkinson county a petition, signed by a majority of the school patrons in certain territory therein described, asking that said territory be added to the William Winans Institute consolidated school district, and that said territory assume its *pro rata* share of the outstanding indebtedness of said school district. The William Winans Institute consolidated school district is a line consolidated school district, having part of its territory in the county of Wilkinson and part in the county of Amite. The territory which it was sought to add to this school district lies wholly within Wilkinson county, and upon the presentation of the petition to the board of supervisors of Wilkinson county at its July, 1927, meeting, the board heard the petition, and adjudicated that it was signed by a majority of the school patrons living in said territory, that the territory proposed to be added was correctly described in the petition and is adjacent to the said William Winans Institute consolidated school district, and granted the petition, and ordered the election commissioners of Wilkinson county to call an election to be held on July 26, 1927, at which all the qualified electors in the territory proposed to be added to the district should be per-

mitted to vote for or against the said territory being added thereto.

This order of the board of supervisors also prescribed the form of ballot which should be used in said election, and directed that notice of said election should be given by posting a copy of the notice at the courthouse of Wilkinson county, and two copies at prominent and public places in the territory described in the petition. It was further adjudged that there was no schoolhouse in said territory, and it was ordered that the election be held at the store of W. T. Newman, a convenient place in said territory for holding the election, and that the returns of said elections be made to the board of supervisors of Wilkinson county at its regular August meeting.

In pursuance of this order of the board of supervisors, the election commissioners ordered an election to be held at the said store of W. T. Newman, in said territory, on July 26, 1927, and posted notices thereof at the courthouse of Wilkinson county and at two public places in said territory. In this notice the territory proposed to be added to the school district was described, and the proposition as to whether this territory should be added to, and should assume its *pro rata* share of the indebtedness of, the said school district, was stated. This election was held, and resulted in a majority for the addition of the territory, and a full report of the proceedings of the election commissioners in canvassing the votes and adjudicating the results of the election, with proof of the manner of giving notice of the election, was filed with the board of supervisors at its August, 1927, meeting, and, upon consideration of this report, the board of supervisors passed an order adding the territory to the said school district.

Thereafter, but before the adjournment of the said August meeting of the board, the appellees, residents of the added territory and of the original district, filed a petition protesting against the addition of the terri-

tory to the school district, assigning many grounds of objection, and praying that the order adding this territory to the school district be set aside. On the hearing of this petition and objections, the board of supervisors vacated and annulled the order previously entered, the matter having been submitted to the board upon the following agreed statement of facts:

"(1)    That the William Winans Institute consolidated school district is a line consolidated school district, duly and legally organized and created more than a year ago, and now has a large area of territory, both in Amite county, Mississippi, and in Wilkinson county, Mississippi; that said consolidated school district was created and organized by the joint action of the school boards, superintendents of education, and boards of supervisors of both said Amite county and Wilkinson county; that there is now outstanding and issued in said school district bonds in the sum of ten thousand six hundred dollars, all of which is shown by orders of the board of supervisors of said Wilkinson county.

"(2)    That objector John H. Stockett is a resident and citizen of Amite county, Mississippi, residing within the bounds of said school district in said Amite county, and that he is a property owner and taxpayer in said Amite county, in said school district, and further that said objector John H. Stockett is a property owner and taxpayer in the territory described in petition of petitioners, setting out the territory to be added in full reference to which is here made. That all of the other objectors are taxpayers of the territory described in this matter to be added to said school district, and all except Joseph Redhead, Frank White, and said John H. Stockett are qualified electors in said territory.

"(3) That neither the petition for this election to add said territory, nor the notice of election, nor any orders or petitions heretofore adopted by either the board of supervisors of Wilkinson county, nor of the county

school board of Wilkinson county, Miss., in this matter, nor duplicates or certified copies thereof, were prepared or filed with or certified to either the board of supervisors or county board or superintendent of education of Amite county, Mississippi, in any manner whatsoever, and no official notice of these proceedings were in any manner given to the authorities in Amite county, Mississippi, or to those having authority to act for the said school district in said Amite county, Mississippi, and that they had no notice of the election heretofore held in this matter, and that the approval, consent, or agreement to this addition of territory has not been given or granted by any of the authorities of Amite county, Mississippi. That this entire proceeding has been held and had without notice to or consent or approval of Amite county school authorities or board of supervisors.

"(4) That said election was held at the store of W. T. Newman on July 27, 1927, five days prior to the primary election in said county, and at said election there were forty-eight votes cast; there being twenty-five for the addition and twenty-three against the addition; that the territory proposed to be added comprises approximately forty square miles, or twenty-five thousand acres, of land in Wilkinson county, Miss., and it all lies in Wilkinson county, Mississippi."

From the final order of the board of supervisors refusing to add the territory to the said school district, an appeal was prosecuted to the circuit court, and there the action of the board of supervisors was confirmed, and from this judgment of the circuit court this appeal was prosecuted.

The appellant assigns as error the action of the court below in approving and confirming the order of the board of supervisors, refusing to add the proposed territory to the school district, and in support of the rulings of the board of supervisors and the court below the appellee contends, first, that the board of supervisors was with-·

out jurisdiction to add this territory, for the reason that in the proceedings the territory proposed to be added is described only by sections, township, and range, without designating the county in which it is located. There is no merit in this contention. It has been uniformly held by this court that an instrument describing land by the proper section, township, and range, but omitting to designate the county, and state in which it is situated, is not void for uncertainty, but such omission merely creates a latent ambiguity, which may be explained by parol evidence showing the identity of the land. *Alice Butler* v. *R. B. Thomas et al.,* 116 So. 824, decided April 23, 1928, and authorities there cited.

It is next contended that the board of supervisors had no jurisdiction to enter an order adding this territory to the school district, for the reason that only eighteen days' notice of the election submitting the question to the qualified electors of the territory was given. The order of the board of supervisors directed that the election be "had and conducted as near as general elections are had and conducted," while, chapter 288 of the Laws of 1924 (section 8757, Hemingway's 1927 Code), which provides the method for organizing consolidated school districts, requires that elections to determine whether such districts shall be organized shall be called and held in all respects as near as practical as now provided by law for the holding of general elections. The time for holding general elections is fixed by statute, and no notice of such elections is required. Chapter 79, Laws of 1900 (section 8080, Hemingway's 1927 Code), providing for the holding of elections to fill vacancies in county offices, requires that at least ten days' notice of such elections shall be given, as directed by section 8082, Hemingway's 1927 Code. When we look to section 8082 of Hemingway's 1927 Code (section 4191, Code of 1906), we find that it provides that the—"commissioners of election of the several counties to whom the writ of election

may be directed, shall, immediately on the receipt thereof, give notice of such election by posting notices at the courthouse, and in each election district in the county, for as near thirty days as may be practicable.''

It will be noted that these two sections are conflicting. The first section authorizes the holding of an election to fill a vacancy in a county office upon ten days' notice, as directed by the latter section, while the latter section provides for notice for as near thirty days as may be practical. However, the elections provided for by these sections are not general elections.

Section 110, Chapter 283, Laws of 1924 (section 8745, Hemingway's 1927 Code), which provides the conditions under which territory may be added to consolidated school districts, requires that:·

''A petition signed by a majority of the school patrons in the territory asking that the territory described therein be added to the consolidated school district and that said territory assume its *pro rata* share of the outstanding indebtedness of the consolidated school district, shall be filed with the board of supervisors who shall order an election in said territory submitting the question of whether the territory shall be added and assume its *pro rata* share of the said indebtedness.''

But this section does not prescribe what notice shall be given of such election. Section 106, chapter 283, Laws of 1924 (section 8741, Hemingway's 1927 Code), provides that:

''In any case where it becomes necessary to hold an election affecting any question submitted to the qualified electors in any consolidated school district in this state, said election shall be held at the schoolhouse of said district, or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school except in case of a line consolidated school in the issuance of bonds. . . . Notice of such election and the place designated for holding same shall be given as provided in this act.''

While an election to determine whether adjacent territory shall be added to a consolidated school district is not submitted to the electors of the district, still, if it be conceded that this section applies to elections to determine whether territory shall be added to such districts, we do not find any provision of the said act of 1924 which prescribes the notice to be given for the holding of such elections, and we find no statute prescribing the length of time that notice of an election to add territory to a consolidated school district shall be published or given. In the absence of a statute fixing the number of days' notice that shall be given for the holding of such elections, and in view of the fact that county elections are authorized to be held upon ten days' notice, we think eighteen days' notice of an election to add territory to a consolidated school district is reasonable and sufficient.

The appellees next contend that the board of supervisors of Wilkinson county had no power to add territory lying wholly within that county to a line consolidated school, independent of the school board and board of supervisors of the other county having territory in said school district, it being their contention that section 110, chapter 283, Laws of 1924 (section 8745, Hemingway's 1927 Code), does not relate to the manner of adding territory to a line consolidated school, and that section 114, chapter 283, Laws of 1924 (section 8749, Hemingway's 1927 Code), requires that duplicate petitions for adding territory to such a school must be filed with the school board and board of supervisors of each of the counties having territory in the school district.

Section 110, chapter 283, Laws of 1924 (section 8745, Hemingway's 1927 Code), provides as follows:

"Territory adjacent to a consolidated school district may be added to said consolidated school district having an outstanding indebtedness under the following conditions, to-wit:

"A petition signed by a majority of the school patrons in the territory asking that the territory described there-

in be added to the consolidated school district and that said territory assume its *pro rata* share of the outstanding indebtedness of the consolidated school district, shall be filed with the board of supervisors who shall order an election in said territory submitting the question of whether the territory shall be added and assume its *pro rata* share of the said indebtedness. If a majority of the qualified electors voting shall favor said question, the school board shall write an order adding said territory to said consolidated school district. The board of supervisors shall levy the same tax on the added territory as on the original district for the support and maintenance of said school and the liquidation of the indebtedness.''

The broad language of this section, that territory adjacent to a consolidated school having an outstanding indebtedness may be added thereto upon compliance with the conditions therein prescribed, covers all such consolidated schools, and we see no reason, and know of no rule of construction, that would authorize the courts to limit its application to consolidated schools whose territory lies wholly within one county.

Section 114, chapter 283, Laws of 1924 (section 8749, Hemingway's 1927 Code), provides, in part, as follows:

''If the territory of a proposed consolidated school lies in two or more counties the county superintendents of all counties affected shall agree as to approximately the extent of the territory, location of schoolhouse and other matters of vital importance and report to their respective school boards. The school board of each county shall act with reference to its own territory and report to the other counties affected.

''In the matter of levying taxes, election of trustees, changing of boundary lines, and other things pertaining to the business of the school, except issuance of bonds, the county line or lines are not to be considered, but the entire school district shall be considered a unit. For

all matters requiring petitions, as many duplicates shall be prepared as counties in the school district so that all boards shall have the same petition for their consideration.''

It is contended that, under the provisions of the last above quoted section that, ''for all matters requiring petitions, as many duplicates shall be prepared as counties in the school district so that all boards shall have the same petition for their consideration,'' it was necessary to file a duplicate of the petition to add territory to this line consolidated school with the school board and board of supervisors of the other county having territory in the district, and, since it is admitted that this was not done, the board of supervisors of Wilkinson county acquired no jurisdiction to add the proposed territory. From the context we are inclined to the view that this provision was intended to apply only to those matters enumerated in the section, and we are confirmed in this view by the fact that no purpose could have been served by filing the petition with the school board and board of supervisors of Amite county. Under section 110 of the said chapter 283 of the Laws of 1924 no discretion is conferred on the board of supervisors. The section mandatorily requires that, upon the filing of a proper petition, the board of supervisors shall order an election in the territory proposed to be added, submitting to the qualified electors of the territory the question of whether it shall be added and assume its *pro rata* share of the indebtedness of the district, and also requires that the board.shall add the territory to the district, if a majority of the qualified electors voting shall favor said question. We are of the opinion, therefore, that the fact that the petition was not filed with the authorities of Amite county did not deprive the board of supervisors of Wilkinson county of jurisdiction to add this territory to the school district.

All other grounds to objection to the order adding the proposed territory to the said school district, either raise

matters which do not appear of record and are not supported by proof, or are not of sufficient merit to call for discussion. The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*

