GILBERT *et al. v.* SCARBROUGH *et al.*

(Division B. Jan. 12, 1931. Suggestion of Error Overruled Feb. 9, 1931.)

[131 So. 876. No. 29018.]

Amis, Dunn & Snow, of Meridian, for appellant.

**C. E. Johnson,** of Union, and **M. P. Foy,** of Decatur, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellants, trustees and certain school patrons and taxpayers of the Center Ridge special consolidated school district, filed their bill on behalf of themselves and all others similarly situated, against appellees Scarbrough, county superintendent of education of Newton county, the board of supervisors of the county, S. A. May, the clerk of the board of supervisors, and the county school board, seeking to have declared void certain proceedings of the board of supervisors and the county school board, by which a part of the territory of the special consolidated school district had been attempted to be detached therefrom, and added to two other consolidated school districts, and to enjoin the county superintendent and the clerk of the board from carrying into effect said proceedings. The cause was heard on bill, answer, and proofs, resulting in a final decree dismissing the bill. From that decree appellants prosecute this appeal.

The Center Ridge consolidated school district was formed in 1924, and the Liberty consolidated school district was formed in 1925; and both were operated as such until June 1, 1929, when the county school board, by an order, consolidated both of those districts, and all of the territory comprising them, into one district, designated as the Center Ridge special consolidated school district.

This district was legally organized; the law, in every substantial respect, was complied with; bonds of the district, in the sum of eight thousand dollars, were issued and sold; proceedings by which such bonds were issued and sold were begun on June 3, 1929. The bonds were validated by a decree of the chancery court of Newton county on August 21, 1929, and were sold to the Bank of Decatur on September 2, 1929. The proceedings, by which the bonds were issued, validated, and sold, were

conducted in accordance with the law; therefore, both the district and the bonds were legal.

After the formation of the special consolidated district, but while the bond issue proceedings were in progress, there was going on at the same time, before the county school board and the board of supervisors, proceedings to have detached from this special consolidated school district eight and a half square miles of its territory, part thereof to be attached to the Collinsville consolidated school district, and the remainder to the Beulah consolidated school district.

A majority of the qualified electors and school patrons of the eight and a half square miles of territory filed petitions before the board of supervisors, asking that this be done. In pursuance of such petitions, elections were ordered by the board, which resulted in the territory in question being voted out of the Center Ridge special consolidated school district, and part of it voted into the Collinsville consolidated school district, and the remainder into the Beulah consolidated school district. The board of supervisors and the county board of education thereupon entered orders accordingly.

These orders were entered by the county school board on August 24 and September 7, 1929. The elections had been held in June and July of the same year. The qualified electors of the Collinsville and Beulah school districts took no action whatever in the proceedings. Section 108 of the School Code, chapter 283 of the Laws of 1924, provides that, after a consolidated school district levying a tax has been in operation one session, it cannot have its boundaries changed by the county school board, "except on a petition of the majority of the qualified electors residing therein." It is true that the Center Ridge special consolidated school district, when the territory involved was attempted to be detached, had levied no tax, and the school had not then been in operation as much as one session. Nevertheless, the entire territory

in the district had become charged with the payment of the bonds issued for the district—the eight and a half square miles involved, as well as the balance of the lands in the district. The payment of the bonds was stretched out over a period of several years. There was a fixed charge against the lands of the district for the payment of these bonds. The levying of the necessary tax to meet their payments was a mere matter of calculation; the taxing authorities had no discretion as to whether the tax should be levied or not—the bondholders could force such a levy by mandamus. There was no petition by a majority of the qualified electors of the Beulah and Collinsville consolidated school districts to have this eight and a half square miles added to those districts. No provision whatever was made for charging this eight and a half square miles of territory, with its pro rata share of the liability for the bond issue. The school patrons occupying these lands had never received any benefit from the bond issue, and, when the lands were added to other consolidated school districts, if properly added, they could have been made subject to the payment of bond issues in the district to which they were added.

We hold, although there is no provision in the School Code expressly requiring it, that, under the facts of this case, the territory involved could not be added to the Beulah and Collinsville consolidated school districts, except on petition of the majority of the qualified electors of those districts; and, in addition, they could not be so added unless their liability to the payment of the bond issue of the Center Ridge special consolidated school district had been taken care of in some way provided by law. It was held in Myers v. Board of Supervisors, 156 Miss. 257, 125 So. 718, that, in order to add territory to a consolidated school district, there must be a petition signed by a majority of the school patrons in the territory to be added; and also a petition by a majority of the school patrons of the consolidated school district to which the

territory is sought to be added, asking for such addition. And without both of these petitions there was no authority to make the addition. Amite County School Board v. Reese, 143 Miss. 880, 108 So. 439, is referred to by appellees as sustaining their contention. It is true, the court held in that case, construing together sections 38 and 108 of chapter 283, Laws of 1924 (the School Code), that the county school board, on its own initiative, without any petition from the patrons or taxpayers, had the right to change the boundaries of a consolidated school district, provided no tax had been levied, and the school had not been operated as much as one session. As stated, the schools of the Center Ridge special consolidated school district had not been in operation for one session, nor had any specific tax been levied. Nevertheless, there had been fixed a charge against this eight and a half square miles of territory, as well as the balance of the district, for the payment of the school bonds of the district, and this charge ran over a period of several years. It was not a tax in the usual sense of that word; but it was a tax, and, more, it was a charge against the lands, fixed for a series of years, which had to be met by taxes which could not be gotten rid of.

Appellees argue that this is a collateral attack of the proceedings of the board of supervisors and the school board, and therefore such proceedings will be presumed to be legal, unless the contrary appears on their face; and that the contrary does not appear on their face. We are of opinion that there is no merit in that contention. The defects in the proceedings of the county school board and the board of supervisors, pointed out above in this opinion, are jurisdictional. It was necessary that the record affirmatively show that those essential requirements were complied with; therefore, the silence of the record in that respect means that those requirements were not met. The proceedings, therefore, in attempting to detach this eight and a half square miles of territory from the Center

Ridge special consolidated school district, were void on their face, and subject to collateral attack.

If such proceedings are permitted to stand up, it means that a consolidated school district could, by piecemeal, repudiate its bonded indebtedness. It could subtract from the district, from time to time, part of its territory, and add the same to other districts, until the integrity of the whole district is destroyed, and no provision made for the payment of the bonds.

Reversed, and judgment here for appellants.