County Board of Education of Alcorn County, Mississippi, Etc. *v.* Parents and Custodians of Students At Rienzi School Attendance Center, Etc.

No. 43210 November 23, 1964 168 So. 2d 814

*William L. Sharp, W. C. Sweat, Jr.,* Corinth, for appellants.

*W. C. Adams,* Corinth; *Cunningham & Cunningham,* Booneville, for appellees.

Rodgers, J.

This is an appeal from a judgment of the Circuit Court of Alcorn County, Mississippi, setting aside and remanding for further consideration an order of the County Board of Education assigning James D. Johnson, a student, to attend school at the Biggersville School Attendance Center in Alcorn County.

This controversy grew out of the reorganization of Mississippi schools under the school reorganization plan adopted and enacted by the Legislature at a Special Session in 1953.

The record reveals that Alcorn County had gone through the procedure of abolishing small schools and had established new school attendance centers at centrally located areas. Alcorn County, exclusive of the territory embraced in the City of Corinth Municipal Separate School District, was consolidated into a single school district. There had been a school at Rienzi, a small community of 375 people. This community is located on the county line between Alcorn and Prentiss Counties. The Rienzi School had accommodated students from both counties.

The Alcorn County School Board abolished the Rienzi Municipal Separate School District as an attendance center for high school students for the obvious reason, among others, the children would have to be transported from across the county near Corinth to the county line. No appeal was taken from the order of the school board and the order thus became final.

The county school board, in an effort to obtain financial aid from the State to construct school buildings,

submitted a ''long-range plan'' to the State Educational Finance Commission, showing the location of the various schools, attendance centers in Alcorn County, setting out the grades to be taught at each school. The plan included three high schools, exclusive of the one at Corinth, namely: Kossuth, to serve the western part of the county, Biggersville, to serve the central part of the county, and Central, to serve the eastern part of the county, and also certain other attendance centers for grades one to eight. The State Educational Finance Commission approved this plan for state aid. The schools in Alcorn County were reduced from thirty-one to eight. Pursuant to Mississippi Code Annotated section 6328-12 (1962), the high school at Rienzi was continued in operation by the county school board pending the completion of the new facilities at Biggersville. On November 20, 1961, the State Educational Finance Commission approved an application for $95,000 state aid funds to be allocated to the building program for Biggersville School Attendance Center.

On April 18, 1962, W. G. Johnson and others filed a suit in the Chancery Court of Alcorn County to prevent construction of the school facilities at Biggersville and prevent students from the Rienzi school and certain other schools from being transferred to Biggersville School Attendance Center. The court sustained an application of the parents to enjoin the construction of the school at Biggersville, necessitating a new order and contract by the county school board to build the school. On September 17th the State Educational Finance Commission approved a new application for the Alcorn County Board of Education for $118,000. A new contract was entered into for the construction of the addition to Biggersville School Attendance Center and the building program was completed before this case was tried in the Circuit Court of Alcorn County, Mississippi.

The Board of Education of Alcorn County entered an order assigning various students to the Biggersville School Attendance Center on July 23, 1962, and the high school at Rienzi was eliminated from the Alcorn County public school system.

Thereafter, on August 7, 1962, many of the students who were assigned were reassigned and their parents, including James D. Johnson, filed an application with the Alcorn County Board of Education asking for a reassignment. The county board set September 13th as the date upon which a hearing on the application would be had. The parents and students testified at the hearing, and thereafter on December 17, 1962, the County Board of Education of Alcorn County affirmed its former order of July 23, 1962, assigning James D. Johnson and others to the Biggersville School Attendance Center. James D. Johnson and his father, W. G. Johnson, appealed to the Circuit Court of Alcorn County, where the application of the petitioner, James D. Johnson, was heard before a jury on a de novo trial.

The jury returned a verdict setting aside the order of the Alcorn County Board of Education dated December 17, 1962, and pursuant thereto, the circuit court entered an order remanding the application for reassignment of the petitioner, James D. Johnson, for further consideration. Whereupon, an appeal was perfected to this Court.

The application for assignment to a school attendance center filed by James D. Johnson with the Alcorn County Board of Education, and the appeal to the Circuit Court of Alcorn County were perfected in accordance with Mississippi Code Annotated sections 6334-01, 6334-02, 6334-05 (1962). The County Board of Education acted in Alcorn County as the Board of Trustees of the County in accordance with Mississippi Code Annotated section 6334-06 (1962).

Mississippi Code Annotated section 6334-05 (1962), is in the following language: ''Appeals to circuit court

— jury trial. — If any interested person, or the board of trustees of the school district involved, shall feel aggrieved at the order of the county board of education, such person or board of trustees may, at any time within thirty (30) days from the date of such order, appeal therefrom by filing a petition for appeal in the circuit court of the county in which the school district involved is located. Upon the filing of such petition for an appeal, process shall be issued for and served upon the person involved or the president of the board of trustees of the school district involved, as the case may be, and upon the president of the county board of education. Upon being served with process, it shall be the duty of the county board of education to transmit promptly to the court a certified copy of the entire record of the proceedings as shown by the file of the county board of education. Upon such appeal the matter shall be tried de novo in the circuit court before a jury in the same manner as other civil cases are tried and disposed of therein. If the verdict of the jury be that the order of the county board shall be affirmed then the court shall enter its judgment affirming the action of the county board. If the verdict of the jury be that the order of the county board should be set aside, then the court shall enter its order so providing and remanding the matter for further consideration and determination by the county board. From the judgment of the circuit court, an appeal may be taken by any interested party to the supreme court in the same manner as other appeals are taken from other judgments of such court.''

The county board of education resisted the appeal of James D. Johnson and others in the Circuit Court of Alcorn County by filing certain motions to dismiss the appeal because, (1) the petitioners failed to exhaust their administrative remedy; (2) the appeal of all high school students, including James D. Johnson, should be dismissed because there was no issue to be tried on

appeal since no high school was maintained in Rienzi as a part of the public school system of Alcorn County, and (3) petitioners had voluntarily withdrawn from the public school system of Alcorn County and were then attending a privately operated school. These motions were overruled. The appeal to the circuit court had been taken as a class action and a joint venture of all parents and students named in the petition for reassignment. The trial court, however, confined the action on appeal to one student, namely James D. Johnson. The issue was joined for determination of the following questions: (1) Whether the order of the county board assigning James D. Johnson to the Biggersville School Attendance Center was supported by substantial evidence; or (2) whether the action of the county school board was arbitrary or unreasonable; or (3) whether it exceeded the power of the Alcorn County School Board to make such an assignment under the matters considered by it; or (4) whether or not the assignment of the student James D. Johnson violated any constitutional right of the student.

The Alcorn County School Board objected to the introduction of any testimony in the circuit court on appeal which had not been previously presented to the school board at its administrative hearing to determine places where students would be assigned. This objection was overruled, and appellee was permitted to introduce all of the testimony he desired on the issue upon a de novo hearing in the circuit court.

We go directly to the issue on which the solution of the problem here involved may be determined. In so doing, we bypass the questions: (1) whether or not appellee failed to exhaust his administrative remedy, and (2) objection by appellant to the introduction of evidence in the circuit court which has not been previously considered by the county school board, based upon the ground that to sanction introduction of new evi-

dence in the circuit court, upon appeal, actually permitted the court to substitute its judgment for that of an administrative agency. We do not, however, want our action in bypassing these two questions to be interpreted to mean that they are of no consequence. It is not necessary for us to discuss them at this time, since we have reached the conclusion that the motion requested by appellant for a directed verdict at the end of the trial should have been sustained. Therefore there is no reason to consider any other assignment of error on this appeal.

The trial court permitted all evidence to be presented to the jury without regard as to whether or not such evidence had been previously considered by the county school board.

Evidence on behalf of appellee consisted of testimony by appellee and his father and merchants, farmers and a school teacher, persons who were interested in continuing the high school at Rienzi. Witnesses testified that the petitioner, appellee here, was a farmer fifteen years of age and it was necessary for him to have a "split session." That is, a time out of school in the spring and fall in which to plant and gather his "crop." The testimony shows that appellee James D. Johnson lives near Rienzi, and the school bus on which he was assigned to be conveyed from Rienzi to Biggersville travels along U. S. Highway 45, and there have been several automobile wrecks on this highway. The witnesses considered the traffic on this highway to be dangerous. It is shown that appellee has a younger brother and sisters and that he has been accustomed to looking after and taking care of the children, but his assignment to Biggersville School Attendance Center prevents his watching over the children since they are assigned to a separate elementary school. Testimony was offered to show the building program at Biggersville School Attendance Center at the time the petition was filed

had not been completed and there was insufficient class room space to accommodate the students. It was also shown that playgrounds were inadequate to accommodate appellee and the students assigned to Biggersville. Evidence was produced to show that the septic tank at Biggersville School Attendance Center was insufficient, because its contents had overflowed onto the ground. Testimony was offered by lay witnesses to show that the appellee was upset because the Alcorn County School Board transferred him to Biggersville School Attendance Center instead of providing a high school at Rienzi where he had previously attended. Testimony was also offered to show that the Town of Rienzi had stores, churches, a town library, and that the municipal separate school building was adequate to accommodate appellee and the students who had previously attended school at Rienzi. Evidence was also introduced to show that the citizens of Rienzi would not be satisfied with an elementary school located at Rienzi and a high school half way between Biggersville and Rienzi. They wanted both schools at Rienzi. Taking the testimony as a whole, introduced by appellee, it is apparent that the appeal in this case to the circuit court and evidence presented to the jury were brought about by the emotional feelings of the citizens of Rienzi growing out of the removal of the high school to Biggersville School Attendance Center.

After the Alcorn County School Board made its first order of July 23, 1962, assigning all of the students who previously attended Rienzi, to attend Biggersville School Attendance Center, appellee filed a petition for a review and reconsideration of the order. The school board set a date for a hearing and heard the evidence submitted by petitioner. The record shows that petitioner was present and was represented by two attorneys. Thereafter, the attorneys filed a motion in the proceedings before the county school board submitting the ap-

plication for review of the assignment of James D. Johnson, in which it was pointed out that the board had heard evidence as to the individual needs of the petitioner and that the petition was submitted for consideration without the necessity of offering any further evidence in support thereof.

Instructions given to the jury at the conclusion of the evidence limited the issues to be determined by them to the following: (1) Whether the order of the county board assigning James D. Johnson to the Biggersville School Attendance Center was or was not supported by substantial evidence, and whether or not its action was arbitrary and capricious; (2) whether said order or assignment went beyond the power of the school board to make; or (3) whether said order or assignment violated any statutory or constitutional rights of James D. Johnson.

Our problem here is, whether or not the evidence introduced was sufficient to overturn the order of the legislative administrative agency, the Alcorn County School Board, in assigning appellee James D. Johnson to Biggersville School Attendance Center.

In addition to the "long-range plan" for schools in Alcorn County heretofore mentioned, the evidence shows the county board of education gave each student an opportunity to be heard so as to make final assignments to a school attendance center on an individual basis.

We do not find any evidence in this record to show the county school board did not take into consideration the educational needs and welfare of appellee, as well as the welfare and the best interests of all of the pupils attending the Alcorn County schools, the availability of the school facilities, and the health and moral factors at the schools and communities involved as is required by Mississippi Code Annotated section 6334-02 (1962).

■■■ ■ The final order dated December 17, 1962, assigning appellee to Biggersville School Attendance Cen-

ter sets out that the board considered the necessary facts required by law. Moreover, there is a rebuttable presumption in favor of the action of an administrative agency and the burden of proof is upon one challenging its action.

▓▓ ▓ It may be observed as a comparable historical fact, this Court has held traditionally, that the Court will not interfere with the exercise of power vested by the Legislature in school boards to create or change boundaries of school districts, or in matters made discretionary with the school boards, except in cases of clear abuse thereof. James v. Board of Supervisors of Wilkinson County, 150 Miss. 489, 117 So. 111 (1928); Amite County School Board v. Reese, 143 Miss. 880, 108 So. 439 (1926); Rice v. Gong Lum, 139 Miss. 760, 104 So. 105 (1925); 275 U.S. 78, 72 L. Ed. 172, 48 S. Ct. 91 (Aff'd 1927); Annot., 135 A.L.R., School Districts 1107; Annot., 65 A.L.R., School Districts 1529.

In the case of Adams County v. State Educational Finance Commission of Mississippi, 229 Miss. 566, 594, 91 So. 2d 524, 536 (1956), we said: ''But whether the State Educational Finance Commission was acting in a purely administrative or legislative capacity, or in a quasi-judicial capacity, in the matter of approving or disapproving the order of the county board of education in this case, the Commission was exercising a discretionary power vested in it by the statute, and the power of the court upon appeal is limited to a determination of the question, whether the order of the Commission is supported by substantial evidence, or is arbitrary and capricious, and whether the order went beyond the power of the commission to make, or violated its statutory or constitutional right of an interested party. In reviewing such an order, 'power to make the order, and not the mere expediency or wisdom of having made it, is the question.' . . .

"The question of whether the plan or reorganization of the school districts of Adams County submitted by the county board of education and the board of trustees of the Natchez Municipal Separate School District would best promote the educational welfare of the school children, the efficiency of the operation of the school system of the county, and the economic and social welfare of the various school areas involved, is not a question for judicial determination, but a question of policy to be determined by the legislative and administrative agency to which the Legislature has delegated the power to determine the same."

▉▉ ▉ As a general rule the circuit court, on appeal from a county school board, will not substitute its judgment for the judgment and discretion of the administrative agency on facts introduced, but the court will determine whether or not the action of the school board was arbitrary or capricious, unreasonable or constituted abuse of discretion. ▉▉ ▉ It is not the function of the circuit court on appeal from an administrative agency to determine whether the action of the agency is right or wrong, correct or incorrect, wise or unwise, advisable or best fitted to the situation involved. If there is substantial evidence to sustain the legal action of the legislative agency, the court will not substitute its judgment for that of the agency. ▉▉ ▉ However, questions of law and constitutional rights are issues for judicial determination on appeal from a legislative agency. California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So. 2d 542 (1946); Dixie Greyhound Lines, Inc. v. Miss. Public Service Comm., 190 Miss. 704, 200 So. 579 (1941), suggestion of error overruled 1 So. 2d 489 (1941).

In passing upon the issues involved in this case, we do not find it necessary to determine whether or not Mississippi Code Annotated section 6334-05 (1962) conflicts with Mississippi Constitution 1890, and we reserve

this question for future examination. See cases cited in preceding paragraph.

 █ In our opinion, the testimony introduced in the circuit court does not show that the action of the Alcorn County Board of Education in assigning the appellee James D. Johnson to Biggersville School Attendance Center was arbitrary or unreasonable; nor does the evidence show the board abused its discretion. On the other hand, we are of the opinion that the testimony shows that the Alcorn County Board of Education acted in good faith and for the best interest of all of the students and patrons of the county. Moreover, appellee could not be assigned to attend the Rienzi School because a high school is no longer being operated by Alcorn County at Rienzi.

We are therefore of the opinion that the motion made by appellant, Alcorn County Board of Education, at the conclusion of the evidence requesting the court to direct a verdict in its favor should have been sustained, and a judgment will be entered here reversing the judgment of the circuit court, and affirming the action of the Alcorn County Board of Education assigning James D. Johnson to Biggersville School Attendance Center.

Reversed and judgment here.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.