206 So.2d 628 (1968)
GAME AND FISH COMMISSION of the State of Mississippi
v.
C.E. MARLAR.
No. 44709.
Supreme Court of Mississippi.
January 22, 1968.
Suggestion of Error Overruled February 5, 1968.
*630 Joe T. Patterson, Atty. Gen., by John E. Stone, Asst. Atty. Gen., Jackson, for appellant.
Cecil Sumners, J.O. Clark, Iuka, Donald Franks, Booneville, James P. Dean, Corinth, for appellee.
PER CURIAM.
Affirmed.
RODGERS, Justice:

ON SUGGESTION OF ERROR
This Court affirmed the decree of the Chancery Court of Tishomingo County, and that court held that the Governor and the State Game and Fish Commission, acting under authority of sections 5841(c) and 5841(d), Mississippi Code 1942 Annotated (Supp. 1966) did not have substantial evidence to support the charge filed against the appellee, Game Warden Supervisor of District 12. We wrote no opinion at that time, because it was abundantly clear to us that the chancellor was correct in his opinion and decree.
Now, however, the Game and Fish Commission contends that the chancery court could not order the Mississippi Game and Fish Commission to pay the salary of the game warden supervisor because it is said, the statute provides that, before any part of the funds appropriated shall be expended in satisfaction of any judgment, there first shall have been a judicial determination that the surety bonds of the members or officers of the Game and Fish Commission are not available for satisfaction of such judgment. We do not agree with this contention, because the statute expressly exempts from the funds appropriated and authorized to be expended, which are available and subject to judgment, the "salary of game wardens, area management personnel and law enforcement officers." Any other funds appropriated are available to pay judgments rendered against the Game and Fish Commission, provided the trial court first determines that the surety bonds of the members or officers of the Game and Fish Commission are not liable to the satisfaction of such judgment.[1]
The legislature clearly intended that the salaries of the game wardens and management personnel would not, in any event, be subject to a judgment. The Game and Fish Commission could not operate if the funds appropriated by the legislature for the salaries of the officers of this administrative agency were subject to judgments generally had against the Game and Fish Commission. The money appropriated for the salary of the appellee, game warden supervisor, should have been paid to him; the court was correct in so holding.
It is next suggested that this Court explain to the Commission "what constitutes and what does not constitute sufficient cause" to discharge a game warden, because, it is said: "[T]he Commission, in the performance of its duties does not want to pass on to the Governor for hearing any more cases for discharge unless it has some more tangible criteria on which *631 to travel." This Court, of course, does not give advisory opinions, but we do not hesitate to review our previous opinions in order to clarify our holdings.
In Cannada v. Marler, 185 So.2d 649 (Miss. 1966) and Cannada v. Byrd, 185 So.2d 919 (Miss. 1966) we held that Mississippi Code 1942 Annotated sections 5841(c) and 5841(d) (Supp. 1966) required a hearing on charges filed with the Commission showing cause for dismissal. These cases simply hold that there must be a hearing in compliance with the foregoing statutory requirements. Moreover, the charges filed must be of such a nature as to show a breach of duty amounting to just cause for discharge of the warden.
The courts do not interfere with the activity and policy decisions of a state agency so long as the agency acts within a statute authorized by the Constitution, but in so doing the agency must act within the law under which it is authorized to act and must not act capriciously, unreasonably, arbitrarily, and must not abuse its discretion. 2 Am.Jur.2d Administrative Law § 556 (1962). On appeal the activity and decisions of a state agency will not be tried anew,[2] but the courts are required to determine whether or not the state agency has acted within the scope of the law. County Board of Education v. Parents and Custodians of Students, 251 Miss. 195, 168 So.2d 814 (1964).
It has been pointed out by the textwriter in 2 Am.Jur.2d Administrative Law § 452 (1962) that:
"The mere holding of a hearing does not justify administrative action required to be based upon a hearing. The decision of the trier of the facts must be reached in accordance with the facts proved, and the decision and any required findings must find adequate support in the evidence, formally introduced at the hearing, or known to the parties in all essential elements. This is true even though a statute provides that findings of fact shall be conclusive. * * *
"Where a hearing or finding is required, a finding or decision without support in the evidence is beyond the power and jurisdiction of administrative agencies. It is contrary to law and void; arbitrary, capricious, unreasonable, or an abuse of discretion; and may constitute a denial of due process of law. Also, an order based upon a finding which is contrary to the indisputable character of the evidence is void."
Although an administrative agency may act upon information obtained by its own investigation, nevertheless, where a hearing is required by law, administrative adjudication must be based upon evidence introduced at the hearing and not upon the secret knowledge of the agency, and a lack of evidence at the hearing cannot be aided by undisclosed facts known to the administrative agency but not shown of record. 2 Am.Jur.2d Administrative Law § 386 (1962).
We have reviewed the record and proceedings held before the Governor in the instant case, and there is no substantial evidence on which to sustain the charge of breach of duty on the part of the appellee, game warden supervisor. The most that can be said from the record is that somebody sold game fish within his district. There is no evidence connecting him with this activity. As a matter of fact, the record shows that the appellee had been active in the performance of his duties in enforcing the law. There is nothing in the record to show just cause to discharge the appellee, and an order discharging him for *632 the reasons shown by this record is unreasonable, whimsical and capricious, and constitutes a breach of the rights of the appellee, game warden supervisor, under the statute.
We are convinced that the decree of the chancery court was proper, and for that reason we affirmed the case, and now having again reviewed the record, we are convinced that the suggestion of error should be, and it is, hereby overruled.
Suggestion of error overruled.
All Justices concur.
NOTES
[1] Section 4 of House Bill 1234 of the Regular 1966 Session of the Mississippi Legislature, which is the Appropriation Bill for the Game and Fish Commission, provides as follows:

"Any funds authorized to be expended hereby for any purpose other than salary of game wardens, area management personnel, and law enforcement officers shall be available and may be expended in satisfaction of any judgment rendered against the Mississippi Game and Fish Commission when such judgment has been affirmed by the Mississippi Supreme Court; provided, however, that before any part of such funds shall be expended in satisfaction of any such judgment hereafter rendered, there shall have first been a judicial determination that surety bonds of the members or officers of the Game and Fish Commission responsible for the act upon which such judgment or judgments are based are not available for satisfaction of such judgment or judgments hereafter rendered."
[2] Love v. Mississippi State Bd. of Veterinary Examiners, 230 Miss. 222, 92 So.2d 463 (1956).

See history set out in Board of Education v. State Educational Finance Commission, 243 Miss. 782, 138 So.2d 912 (1962); County Board of Education v. Parents and Custodians of Students, 251 Miss. 195, 168 So.2d 814 (1964).