SMITH, Justice,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 25. I agree with the majority insofar as it holds that the transfer denial was based on substantial evidence and was not arbitrary or capricious. It is apparent that the failure to transfer Gentry Barton was due to an unavailable opening at Beach Elementary.
¶ 26. On the other hand, I disagree with the majority’s conclusion that the circuit judge was correct in holding that Barton’s transfer request should be granted as soon as a slot becomes available. The circuit judge exceeded his authority. For this reason, I respectfully dissent.
¶ 27. As the circuit court correctly stated, its scope of review was limited to deciding whether the action of the school board was arbitrary or capricious, or was not supported by substantial evidence. County Bd. of Educ. v. Smith, 239 Miss. 53,63, 121 So.2d 139, 144 (1960). Similarly, the circuit court noted that it should not substitute its own judgment for that of the agency because it is not the function of the circuit court to determine whether the action was right or wrong, wise or unwise, advisable or unadvisable. The court should look to see if there was substantial evidence to sustain the legal action of the legislative agency. County Bd. of Educ. v. Parents & Custodians of Students at Rienzi Sch. Attendance Ctr., 251 Miss. 195, 168 So.2d 814 (1964). It is apparent that the circuit judge applied the appropriate standard. However, after correctly reciting the standard, he went one step further. The judge did not stop after finding that the school district had not acted arbitrarily or capriciously. He continued by holding that the school district must transfer Barton as soon as a student slot became available. As earlier stated, the circuit court should not substitute its own judgment for *691 that of the agency. In my opinion, the circuit judge did just that. Since the school district was not found to have acted arbitrarily or capriciously, the agency decision should be upheld.
BANKS, P.J., and WALLER, J„ join this opinion.