ISHEE, J., for the Court.
¶ 1. Due to a work-related accident in February 1996, Michael Holloway was rendered a quadriplegic. Since his discharge from the hospital in May 1996, Holloway has been cared for by his mother and stepfather, Nettie and James Wiseman, at their home. Holloway has been receiving benefits under the workers’ compensation statute, and the Wisemans have been compensated for their care of Holloway at a rate of seven dollars per hour for sixteen hours each day.
¶ 2. In August 2002, Holloway filed a motion requesting that Hurdle & Son and Mississippi Casualty Insurance Company (employer and carrier) be required to pay for a life-care planner and that the Wise-mans be compensated for their care of Holloway at a rate of seven dollars per hour for twenty-four hours each day. After a hearing by an administrative law judge, an appeal to the full Workers’ Compensation Commission (the Commission), and a subsequent appeal to the Circuit Court of Marshall County, the employer and carrier were ordered to compensate the Wisemans for twenty-four hour care.
¶ 3. Aggrieved, the employer and carrier appeal, asserting that: (1) the evidence presented at the initial administrative hearing violated their due process rights under the Fifth and Fourteenth Amendments, as they received ineffective notice of Holloway’s intention to introduce evidence and examine witnesses, resulting in them being unable to conduct adequate discovery and otherwise prepare properly for the hearing; and (2) that the circuit court improperly re-weighed evidence in *388 its review of the case and was in error when it overturned the ruling of the Commission. Finding that the constitutional rights of the employer and carrier were violated, we reverse the decision of the circuit court and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 4. On February 20, 1996, Holloway was involved in an automobile accident that left him a complete quadriplegic. After several months spent in different hospitals, Holloway was discharged from the North Mississippi Medical Center in May 1996. Since his release, he has been cared for by his mother and stepfather, the Wisemans, at their home in Marshall County.
¶ 5. After an initial round of litigation over whether Holloway was entitled to benefits under the Workers’ Compensation Act, this Court affirmed previous administrative rulings granting Holloway workers’ compensation benefits in Hurdle v. Holloway, 749 So.2d 342 (Miss.Ct.App.1999). Since that time, the Wisemans have been compensated for their in-home care of Holloway at a rate of seven dollars per hour, for sixteen hours a day, seven days a week.
¶ 6. In August 2002, Holloway filed several motions requesting that employer and carrier be required to pay for a life-care planner, that the Wisemans be compensated for their care of Holloway at a rate of seven dollars per hour for twenty-four hours each day, and that Holloway’s counsel receive a lump-sum award of fees in excess of $2,000,000. Those motions were all set to be heard by an administrative law judge.
¶ 7. When the parties came before the administrative law judge for a hearing on the various motions, it became apparent that counsel for the employer and carrier had not been properly notified that Holloway’s attorneys had requested a court reporter and that they sought to introduce substantive evidence during the hearing. Nevertheless, the administrative law judge allowed the hearing to proceed over the objections of counsel for the employer and carrier because Holloway and his witnesses had traveled a long distance. In June 2003, the administrative law judge found for the employer and carrier on every issue presented at the hearing, but noted that if she had not, she would have been compelled to hold another evidentiary hearing on the same issues in order to give counsel for the employer and carrier time to conduct discovery and prepare cross-examinations for Holloway’s witnesses.
¶ 8. Holloway appealed the ruling of the administrative law judge to the full Workers’ Compensation Commission, which affirmed the ruling of the administrative law judge in May 2004. Holloway next appealed the decision of the Commission to the Circuit Court of Marshall County. The circuit court, sitting as an appellate court, reversed the Commission and the administrative law judge on the issue of compensation for twenty-four hour care and affirmed on the issues of appointment of a life-care planner and the award of attorneys’ fees. It is from this decision that the employer and carrier appeal.
STANDARD OF REVIEW
¶ 9. With respect to decisions by a circuit or chancery court concerning the actions of an administrative agency or board, we apply “the same standard of review that the lower courts are bound to follow. We will entertain the appeal to determine whether the order of the administrative agency (1) was unsupported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some statutory or constitutional *389 right of the complaining party.” Miss. Sierra Club, Inc. v. Miss. Dep’t of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215-16 (Miss.1993)).
¶ 10. Furthermore, “[a] circuit court sitting as an appellate court reviewing a decision ... may not substitute its judgment for the judgment and discretion of the administrative agency on facts introduced.” Pascagoula Mun. Separate Sch. Dist. v. Barton, 776 So.2d 683, 684(¶ 5) (Miss.2001) (citing County Bd. of Educ. v. Parents & Custodians of Students, 251 Miss. 195, 208, 168 So.2d 814, 818-19 (1964)). Finally, the circuit court “must sustain the legal action of the agency if that action is based on substantial evidence.” Id. at 685(¶ 5).
DISCUSSION
¶ 11. The employer and carrier raise two arguments on appeal. These are: (1) that their due process rights under the Fifth and Fourteenth Amendments were violated in the initial administrative hearing, in that counsel for employer and carrier were improperly notified of Holloway’s intention to present evidence and examine witnesses during that hearing, compromising their ability to conduct adequate discovery and otherwise properly prepare for the hearing; and (2) that the circuit court improperly re-weighed evidence in violation of its standard of review, sitting as an intermediate appellate court, and erroneously reversed the rulings of the Commission and the administrative law judge. Finding that the circuit court was in error and violated the due process rights of the employer and carrier when it partially reversed the decision of the administrative law judge and the full Commission, we need not reach the second issue raised in this appeal.
¶ 12. Our supreme court has previously held that, at a bare minimum, due process in an administrative hearing requires notice and an opportunity to be heard. State Oil & Gas Bd. v. McGowan, 542 So.2d 244, 248 (Miss.1989). These requirements by themselves do not require any mechanism for discovery be afforded to either party. However, when the procedures of an administrative agency allow for more than these minimum requirements, such as allowing for some form of discovery, courts in this state have recognized a strong interest in ensuring that those procedures are followed, as “the failure to abide by recognized discovery rules impacts whether a decision is seen as arbitrary and capricious, and an [sic] violation of due process.” Bermond v. Casino Magic, 874 So.2d 480, 484-85(¶ 11) (Miss.Ct.App.2004) (citing Mid-Delta Home Health, Inc. v. Robertson, 749 So.2d 379, 386-87(¶28) (Miss.Ct.App.1999)). Finally, this Court has held in the past that “it is an ‘immutable’ aspect of due process that a person against whom evidence is to be used be afforded an opportunity to refute the evidence.” Id. at 485(¶ 11) (citing Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)).
¶ 13. In this case, it is clear from the record that Holloway failed to follow the proper procedures for setting an evidentia-ry hearing before the administrative law judge. Among other things, the Procedural Rules of the Mississippi Workers’ Compensation Commission require that, in order to controvert an issue, a claimant must file a petition to controvert, giving the employer and carrier an opportunity to answer and conduct discovery. Miss. Workers’ Comp. Comm’n P.R. 2-4, 7. Pre-hearing statements must then be filed with the administrative law judge, and only *390 then can an evidentiary hearing take place. Miss. Workers’ Comp. Comm’n P.R. 5. In this case, none of the procedures listed above were followed. Counsel for the employer and carrier were never notified, through a petition or otherwise, that Holloway intended to present evidence and examine witnesses at the motion hearing until their appearance before the administrative law judge.
¶ 14. As a consequence, and as the administrative law judge noted in her ruling, the proper course of action would have been to reschedule the hearing after following the proper procedure. The issue concerning the procedural defects of the hearing was rendered moot solely because, after hearing all of the evidence Holloway intended to present, the administrative judge effectively granted a directed verdict to the employer and carrier, a decision which was later affirmed by the full Commission.
¶ 15. Under these facts, the circuit court had two options in this case. It could have affirmed the judgments of the Commission and the administrative law judge, or it could have reversed and remanded for a new administrative hearing on the merits in order to cure the constitutional defects present in the initial hearing. It did not, however, have the authority to conduct an independent evaluation of the evidence the administrative law judge allowed into the initial hearing and to reach new legal conclusions concerning those facts. This is precisely what the circuit court did when it partially reversed the decisions of the full Commission and the administrative law judge and ordered the employer and carrier to provide additional compensation to the Wisemans for their care of Holloway. Consequently, we find that the circuit court violated the procedural due process rights of the employer and carrier in doing so and reverse the decision of the circuit court on this issue with instructions to remand the case back to the Commission for a new hearing on the merits.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS REVERSED. THIS MATTER IS REMANDED TO THE CIRCUIT COURT OF MARSHALL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.