WHITE, INSURANCE COMMISSIONER, *v.* NATIONAL OLD LINE INS. CO.

(In Banc. March 8, 1948. Suggestion of Error Overruled May 10, 1948.)

[34 So. (2d) 234. No. 36574.]

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellant.

754

James **A. Blalock**, of Jackson, for appellant.

Creekmore & Creekmore, of Jackson, for appellee.

Argued orally by **James A. Blalock** and **Geo. H. Eth-
ridge**, for apellant, and by **Rufus Creekmore**, for appel-
lee.

**Roberds, J.,** delivered the opinion of the court.

Appellee was chartered and organized as a life insurance corporation in the State of Arkansas in 1926, with its domicile at Little Rock, said State. It was admitted to do business in Mississippi in 1928 and did so until 1933, when it ceased temporarily to write policies in this State. It renewed that business in 1938 and so continued to the time of this litigation. During all the time it has done business in Mississippi the forms of its policies have been approved by the then respective State Insurance Commissioners, including appellant.

On April 25, 1946, J. L. White, the then and present Insurance Commissioner of Mississippi, gave appellee written notice that the Attorney General of Mississippi had informed him that a provision, designated "Survivorship Bonus," appearing in one of its forms of policies, did not comply with the laws of this State, and that it would be his official duty to disapprove that provision and to prohibit its issuance in Mississippi. He invited the view of the appellee on the question and set a date for a hearing and discussion of the problem before him. That hearing seems not to have taken place but appellee made known its contention that the provision did comply with the laws of this State. The Commissioner then requested of the Attorney General a further consideration of the question. On June 25, 1946, said Commissioner again informed appellee in writing that the Attorney General had re-examined the legal question, and had not changed his opinion, and requested appellee to cease writing that provision in this State.

Appellee immediately filed the bill in this cause seeking temporary and permanent injunctions prohibiting the Commissioner from enforcing the ruling set out in his letters to appellee. A temporary injunction was granted and, upon a hearing on the merits, the injunction was made permanent. From that action the

Commissioner appeals. We are, therefore, to determine whether the Commissioner has the power and the right, under the facts of this case, to refuse his approval of the provision in question, and prohibit its issuance in this State.

The Commissioner takes the position that the provision violates a number of statutes, but we confine our consideration to Section 5680, Miss. Code 1942, which prohibits the writing of any insurance contract in this State "which does not distinctly state the amount of benefits payable, the manner of payment and the consideration therefor". The Survivorship Bonus clause is as follows:

"Upon payment of each full year's premium, after the first and to and including the twentieth, on account of each and every policy issued in the same calendar year as this policy and containing a provision entitled 'Survivorship Bonus', the Company will place in a fund $5.00 for each $1000 of the sum insured of such policy, provided that 'sum insured' as here used shall mean the ultimate sum insured in child's policies having a graduated sum insured. At the end of each calendar year, the fund shall be credited with interest at 3% on the amount in the fund at the beginning of the year. No deduction shall be made from the fund for any purpose whatsoever, other than for payments, if any, required by law, as by way of taxes or otherwise.

"If the insured be living and if this policy be in force, other than by reason of the operation of one of the nonforfeiture values provisions, on the twentieth anniversary of the date hereof, this policy will have qualified for a Survivorship Bonus payable to the then life owner, and the Company will determine the amount of such bonus upon the expiration of the then calendar year. The Survivorship Bonus shall be an amount of money bearing the same proportion to the whole of the fund at the end of such calendar year, as the sum insured under this policy bears to the total sum insured under

all policies that shall have qualified for a Survivorship Bonus in the same calendar year.''

It then stipulates for additional paid up life insurance.

It is evident, we think, this Survivorship Bonus provision does not comply with Section 5680. It does not state the benefits payable. Indeed, it would be imposible to do so. No holder can know, or approximate with any degree of acuracy, the benefits he will receive thereunder, if any. It creates a class. That class is composed of and limited to all persons who take out policies during each calendar year, regardless of age, occupation, employment or insurable risk. The holders are grouped alone upon the year in which the policies are issued. For that group the Company, each year, places in a fund from its surplus five dollars for each one thousand dollars of insurance, plus three per cent interest thereon compounded, and this is repeated for twenty years. Those of each class who survive the twenty years and keep their policies in force share in the total fund in proportion to the face amounts of their respective policies. How many will share therein and the amount received will depend (1) on the number in the class who have died before the twenty years, and (2) how many have survived, and (3) of the survivors the number who have kept their policies in force. The result is, of course, pure speculation.

The Insurance Commissioner is charged with many important duties and vested with extensive powers in insurance matters. It is pertinent to note some of them here. The sections we cite refer to Mississippi Code 1942. He is the chief officer of the Department of Insurance; is elected by the voters of the State and executed a bond in the sum of $25,000. Section 5617. He makes annual reports to the Governor of all his official acts; the condition of all insurance companies doing business in Mississippi; the amount of taxes collected and all licenses issued by him, with such suggested changes in the laws affecting his department as he

deems wise, which reports the Governor transmits to the Legislature. Further, "The commissioner shall see that all laws relating to matters under his supervision are faithfully executed. He shall supply each insurance company doing business in this state with all necessary printed forms." Section 5623. He may, by suit, enforce compliance with the insurance laws of this State. Section 5624. He may grant, refuse or revoke permits to do business in this State. Sections 5627 and 5630. He may suspend or revoke authority to do business in Missisippi when it shall appear to him upon examination any insurance company is in an unsound condition, or "has failed to comply with the law", or refuses to submit to examination, has exceeded its powers, or has failed to comply with any provision of law applicable to it, or its condition is such that further business by it in this State would be hazardous to the public or its policy-holders, and may apply to the Chancery Court for injunction to enforce his action. Sections 5630 and 5638. Companies writing insurance in Mississippi are "subject to the inspection and supervision of the commissioner." Section 5631. Articles of association and by-laws must be submitted to him. Section 5657. He has power to regulate the sale of stock of insurance companies in this State, Section 5639; ask for and be appointed receiver of such companies under prescribed conditions, Sections 5643, 5644. And, finally, "a policy of life insurance shall not be issued or delivered in this state until the form has been approved and filed by the insurance commissioner." Section 5686. The powers conferred by Sections 5623 and 5686 are the powers most directly involved in this case. This proceeding, in effect, is one to compel him to approve the survivorship bonus form of policy. Clearly he should be allowed much latitude in the use of that power. It is not a power, of course, to be exercised in an arbitrary manner. It is in the nature of a quasi-judicial power, subject to review by the courts. Cole v. State, 91 Miss. 628, 45 So.

11. However, the judgment of the Commissioner, when exercised in a sound manner as between the people of the State, on the one hand, and the insurance company, on the other hand, upon a doubtful question, is entitled to much weight. His prime duty is to protect the people of the State, who, by the very nature of the situation, are not in position to adequately protect themselves. They have not the means by which they can know the financial condition, or the methods of doing business, of the companies who offer to write insurance upon their lives and their property. They are at disadvantage as to knowledge of the contents and fairness of such policies. These, and other public considerations, caused the creation of the Department of Insurance and a Commissioner thereof, vested with such far-reaching powers. It is clear, we think, the survivorship bonus provision does not comply with Section 5680 and the Commissioner was within his right and power to refuse its approval. The fact that he had previously approved it would not prevent his subsequent disapproval upon being advised by the Attorney General that in his opinion the provision did not comply with the law. The validity of the policies heretofore written containing that provision are in no wise affected. Section 5680 so expressly provides. And appellant has the privilege of writing in this State its other forms of policies, and, for that matter, the form here involved, with the survivorship bonus provision eliminated.

Appellee strongly urges that the Commissioner should not disapprove the provision in question because, as it asserts, life policies are permitted to be issued in this state which provide for sharing by the holder in dividends to be declared by the insuring company, and that the amount of such dividends are not stated in the policies. It would be sufficient answer to that to say that even if such dividend-sharing policies do not comply with the statute, that fact would not justify issuance of another provision which did not comply

therewith. However, we think there are vital distinctions between the dividend-sharing provisions and the one here under consideration. In the first place, notwithstanding Section 5680, the next section (5681) seems to recognize the legality of dividend-sharing provisions, because it prohibits any company from making a distinction "in the dividends" paid by it to members of the same class and equal expectation of life, an implied recognition that policies may contain dividend-sharing provisions. Again, dividend-sharing policies do not obligate the insurer to pay any certain amount. They provide, in effect, that if money is available with which to pay dividends and the officers of the company deem it wise to do so, the company may declare a dividend at such time and in such amount as the officers think advisable. In other words, such companies do not have to pay dividends. Whether they do or not depends (1) on whether they make sufficient money, and (2) whether the officers in their discretion think it wise to do so. On the other hand, the provision under consideration is a binding, affirmative obligation to pay $5 per thousand annually for twenty years, with interest on such fund compounded annually. This affects directly the long-range financial status of the insuring company. That is especially true in this case, for the reason the same policy contains what is termed "Return of Premium" clause. That covers cases where the holders die within twenty years and whose policies are in force. In such cases the Company is obligated to pay the beneficiaries not only the face amount of the policies but also all premiums which have been paid on such policies, calculated as if paid annually. The record discloses that the Commissioner considered this "Return of Premium" clause along with the "Survivorship Bonus" provision. He did not decline to approve the "Return of Premium" clause but he evidently did weigh the effect of both provisions upon the long-range financial condition of the insurer. Well he might do that, because, taken together,

they impose obligations unusual in the insurance business, imposing express liability on the insurer for both classes—those who die before twenty years and those who survive that length of time. In the first case the company pays the face of the policies and returns all premiums which have been paid; in the second, it pays the survivors, upon reaching the twenty year period, five dollars per thousand annually for twenty years on the face of the policies, plus three percent thereon compounded annually. These elements distinguish, in vital and important respects, the survivorship bonus obligation from dividend-sharing provisions.

Reversed and judgment here for appellant.