208 So.2d 46 (1968)
MISSISSIPPI STATE TAX COMMISSION
v.
PACKAGE STORE, INC.
No. 44758.
Supreme Court of Mississippi.
March 4, 1968.
Joe T. Patterson, Atty. Gen., by, John E. Stone, Asst. Atty. Gen., Jackson, for appellant.
Stennett, Wilkinson & Ward, E. Grant Tharpe, Jackson, for appellee.
ROBERTSON, Justice:
The Mississippi State Tax Commission denied the application of Package Store, Inc., for a permit to operate a retail package store for the sale of alcoholic beverages at 1255 North West Street, Jackson, Mississippi. Package Store, Inc., appealed this decision to the Hinds County Chancery *47 Court, which reversed the order of the Commission and remanded the case to it for the issuance of a permit to Package Store, Inc., as applied for. The Commission, thereupon, perfected an appeal to this Court.
We reverse the decree of the chancery court and reinstate the order of the State Tax Commission.
The Mississippi Legislature, at its 1966 Regular Session, enacted a comprehensive law known as the "Local Option Alcoholic Beverage Control Law," sections 10265-01 through XXXXX-XXX, Mississippi Code 1942 Annotated (Supp. 1966). The purpose and intent of this law is set forth in section 10265-01 in the following clear and positive language:
"The purpose and intent of this act is to vigorously enforce the prohibition laws throughout the State, except in those counties voting themselves out from under the prohibition law in accordance with the provisions of this act, and, in those counties, to require strict regulation and supervision of the manufacture, sale, distribution, possession and transportation of intoxicating liquor under a system of State licensing of manufacturers, wholesalers and retailers, which licenses shall be subject to revocation for violations of this act." (Emphasis added.)
The administration and enforcement of this law is vested in the State Tax Commission, "and for such purpose there is hereby created the Alcoholic Beverage Control Division within and as a part of said Commission." § 10265-08 Miss.Code 1942 Ann. (Supp. 1966).
In Section 17 of this Act [Section 10265-17, Mississippi Code 1942 Annotated (Supp. 1966)] the Legislature listed sixteen specific powers, functions and duties, which it granted to the State Tax Commission. The first power enumerated was: "(1) To issue or refuse to issue any permit provided for by this act."
In its order denying the issuance of a permit, the Commission reasoned, thusly:
"It is, therefore, hereby ordered and adjudged that by reason of the testimony of Mrs. S.K. Baker that she operated in her home a place where small children stayed during the day and where other children stayed after school hours until their parents came to pick them up and return them home, that whether this place was actually operated as a technical kindergarten or not that it was the intention of the Legislature that a retail package store be not located within one hundred (100) feet of such a place regardless of the technical name applicable to such place, and, therefore, the aforesaid application for a permit to operate a retail package store at the location of 1255 North West Street, Jackson, Mississippi, be and the same is hereby denied."
The Commission was construing section 10265-18(g), wherein it was instructed and admonished:
"Provided that no authority shall be granted to any person to manufacture, sell or store for sale any intoxicating liquor as specified in this act within four hundred feet (400') of any church, school, kindergarten or funeral home, provided further that within an area zoned commercial or business such minimum distance shall be not less than one hundred feet (100')." (Emphasis added.)
The property, for which a permit was requested, is located on the corner of North West and Baker Streets, and Mrs. Baker's home, fronting on Baker Street, is six feet from the west line of appellee's building.
Section 10265-23 sets forth thirteen other tests which must be answered to the satisfaction of the Commission before a permit can be issued. Subsections (4) and (10) provide:
"(4) That the place for which the permit is to be issued is an appropriate one considering the character of the premises *48 and the surrounding neighborhood." (Emphasis added.)
"(10) That the Commission has not, in the exercise of its discretion which is reserved and preserved to it, refused to grant such permits under the restrictions of this section, as well as under any other pertinent provision of this act." (Emphasis added.)
It is very apparent from the enumerated powers, functions, duties, and responsibilities reposed in and imposed upon the State Tax Commission in widely separated parts of the Local Option Alcoholic Beverage Control Law, that it was the intent of the Legislature to grant the Commission wide latitude and discretion in considering and acting upon applications for permits to operate retail liquor stores.
The courts have uniformly held that the exceptions in respect to churches and schools should be liberally construed in their favor and strictly against applicants for licenses within the prescribed distance. Schaub's, Inc. v. Dept. of Alcoholic Beverage Control, 153 Cal. App.2d 858, 315 P.2d 459 (1957); Boys' Clubs of Detroit v. Pakula, 342 Mich. 150, 69 N.W.2d 348, 49 A.L.R.2d 1097 (1955); Fleeman v. Vocelle, 160 Fla. 898, 37 So.2d 164 (1948); Calvary Presbyterian Church v. State Liquor Authority, 245 App.Div. 176, 281 N.Y.S. 61 (1935); In re Brady, Sup., 106 N.Y.S. 921 (1907); In re Place, 27 App.Div. 561, 50 N.Y.S. 640 (1898).
The test to be applied by an appellate court to a decision of a commission or administrative agency is whether such decision is supported by substantial evidence or whether such action is arbitrary, capricious, unreasonable or an abuse of discretion.
This rule was announced in very forceful language in Alcorn County, etc. Board of Education v. Parents and Custodians of Students at Rienzi School Attendance Center et al., 251 Miss. 195, 168 So.2d 814 (1964):
"It may be observed as a comparable historical fact, this Court has held traditionally, that the Court will not interfere with the exercise of power vested by the Legislature in school boards to create or change boundaries of school districts, or in matters made discretionary with the school boards, except in cases of clear abuse thereof. (Id. at 207, 168 So.2d at 818.)
"As a general rule the circuit court, on appeal from a county school board, will not substitute its judgment for the judgment and discretion of the administrative agency on facts introduced, but the Court will determine whether or not the action of the school board was arbitrary or capricious, unreasonable or constituted abuse of discretion. It is not the function of the circuit court on appeal from an administrative agency to determine whether the action of the agency is right or wrong, correct or incorrect, wise or unwise, advisable or best fitted to the situation involved. If there is substantial evidence to sustain the legal action of the legislative agency, the court will not substitute its judgment for that of the agency." (Id. at 208, 168 So.2d at 819.)
This rule has been uniformly followed by this Court. See Barnwell, Inc. v. Sun Oil Co., 249 Miss. 398, 162 So.2d 635 (1964); Central Electric Power Ass'n v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959); Cobb Bros. Constr. Co. v. Gulf, M. & O.R.R., 213 Miss. 706, 57 So.2d 570 (1952); and White v. National Old Line Ins. Co., 203 Miss. 752, 34 So.2d 234 (1948).
We think that the order of the State Tax Commission denying the issuance of a permit to appellee is supported by substantial evidence, and is not an arbitrary, capricious, or unreasonable action on its part. The Commission did not abuse its discretion in refusing to issue a permit.
*49 The judgment of the Chancery Court is, therefore, reversed, and the order of the State Tax Commission reinstated.
GILLESPIE, P.J., and JONES, BRADY, and INZER, JJ., concur.