ETHRIDGE, Chief Justice:
Freddie Lois Moore, appellee, applied for a permit to operate a retail package liquor store under the provisions of the Alcoholic Beverage Control Act of 1966. Miss.Code 1942 Ann. §§ 10265-01 to -40 (Supp.1966). After a hearing, the Commission denied the application, but on appeal the Chancery Court of Lauderdale County reversed the Commission and directed issuance of the license or permit. The State Tax Commission and its chairman have appealed from that decree.
At the time of the hearing in May 1967, appellee, Freddie Lois Moore, was twenty-two years of age and a senior at the University of Southern Mississippi. Prior to July 1, 1966, the effective date of the Alcoholic Beverage Control Act, the retail sale of intoxicating liquors was prohibited in Mississippi. However, before that date, appellee’s father, Ferdie Moore, had been engaged in the liquor business and had incurred a sales tax obligation to the State of $59,385.89. The State Tax Commission had rendered an assessment against him in that amount and had recorded that judg *834 ment. Shortly after the ABC statute went into effect, Ferdie Moore applied to the Commission for a retail liquor license. His application, which stated that the business would he conducted on the same premises concerning which appellee’s application was made, was denied on the ground that his indebtedness to the state for delinquent sales taxes disqualified him from holding a retail package store permit under the express provisions of the Act. Miss.Code 1942 Ann. § 10265-23(6) (Supp.1966).
After Ferdie Moore’s application was denied, appellee, Freddie Lois.Moore, on December 22, 1966, applied to the Commission for a retail liquor permit. The application was in proper form, with bond. It is undisputed that Miss Freddie Lois Moore is a young woman of good moral character and integrity.
Dewey Myers, Chief of the Permit Section of the Alcoholic Beverage Control Division of the State Tax Commission, testified that appellee met the requirements set forth in his investigation as to character and financial responsibility, and that he had reported that fact to the Commission.
Miss Moore stated that the store for which she sought the retail liquor permit was already constructed upon land that she owned on Highway 45 north in Meridian. She testified that she had personally hired the contractors that built the store and had paid them $7,150 of her own money for constructing the building.
She had hired a manager for the store, Harold Williams, who had previously worked for her father in his illegal liquor business. School was going to be out shortly after the hearing and she planned to manage the store during the summertime. She said that her father would have nothing to do with the business and was not going to direct it or interfere with it in any way. She wanted to earn some money from the store in order to assist in putting her brother and sisters through school. The money with which she purchased the lot and building was given to her over the years by her father “and various people for graduation and things like that.” She proposed to name the store “Ferdie’s Package Store.” She had planned on leasing the building and lot to her father, if his application for a license had been approved. She knew that her father had previously been engaged in the illegal sale of liquor in the state, and had recently learned of the judgment against him for delinquent sales taxes. Harold Williams, whom she had selected to manage the store, had previously been employed by her father in the sale of illegal liquor. She planned on being at the store most of the time, and Williams would be there when she was absent.
After the hearing, the State Tax Commission in denying appellee’s application made the following findings:
[T]he applicant is acting as an agent of her father, Ferdie Moore, who has a judgment enrolled against him on the judgment roll of the Circuit Court of Lauderdale County, Mississippi, in the amount of $59,385.89 in favor of the State Tax Commission for sales taxes and that the full amount of said judgment is now due and owing to the State Tax Commission and the Commission further finds that the applicant received money from Ferdie Moore, her father, to purchase the lot and building on which the permit for a retail package store is sought therein. The Commission further finds that Ferdie Moore made application to the Alcoholic Beverage Control Division for a retail package store permit to be located on the same premises for which the applicant now seeks her permit and when denied by Alcoholic Beverage Control Division then the applicant filed her application for a permit on the same premises. The Commission further finds that this application is a subterfuge made by the applicant in order to endeavor to qualify for a retail package store permit in violation of Section 23 [paragraph] 6 of House Bill No. 112 of the Laws of Mississippi effective from and after July 1, 1966, *835 which provides that the applicant is not indebted to the State for any taxes, fees or payment of penalties imposed by any act of the State of Mississippi, or by any rule or Regulation of the Commission; The Commission is, therefore, of the opinion and finds that the application should be denied.
In reversing the Commission and directing the issuance of the license, the chancery court held that there was not substantial evidence before the Commission to support its finding that applicant was acting as the agent of her father and the denial of the license was arbitrary and capricious.
The State Tax Commission is given the power “to issue or refuse to issue any permit provided for by [the Alcoholic Beverage Control Act].” Miss.Code 1942 Ann. § 10265-17(a) (1) (Supp.1966). An appeal from an order of the Commission may be taken to the chancery court of the county of the applicant’s domicile, and from there to this Court. Miss.Code 1942 Ann. § 10265 — 17(b) (Supp.1966).
As a condition precedent to the issuance of a retail liquor license, the applicant must file with the Commission a sworn statement disclosing all persons who are financially involved in the operation of the proposed business, and failure to fully disclose this information is a misdemeanor. Miss. Code 1942 Ann. § 10265-20 (Supp.1966).
Code section 10265-23 sets out thirteen qualifications of applicants for permits. It provides that the applicant must be of good moral character, with a reputation of being a law abiding citizen, and not less than twenty-one years of age. Appellee meets these requirements. Section 10265-23 further provides:
Before a permit is issued the Commission shall satisfy itself:
:ji >j? 5¡< sj« $1 >{«
(2) That, except in the case of an application for a solicitor’s permit, the applicant is the true and actual owner of the business for which the permit is desired, and that he intends to carry on the business authorized for himself and not as the agent of any other person, and that he intends to superintend in person the management of said business or that he will designate a manager to manage the business for him, such manager must be approved by the Commission and must possess all of the qualifications required of a permittee.
(6) That the applicant is not indebted to the State for any taxes, fees or payment of penalties imposed by any act of the State of Mississippi or by any rule or regulation of the Commission.
(10) That the Commission has not, in the exercise of its discretion which is reserved and preserved to it, refused to grant such permits under the restrictions of this section, as well as under any other pertinent provision of this act.
Mississippi State Tax Commission v. Package Store, Inc., 208 So.2d 46 (Miss. 1968), involved an application under the ABC statute for a permit to operate a retail package store within one hundred feet of a day nursery for young children. The statute prohibited such proximity to a “kindergarten.” The Commission denied the application on the ground that it was the legislative intent not to have a package store that close to a children’s day nursery “regardless of the technical name applicable to such place.” The chancery court reversed the Commission, and directed issuance of the permit, but on appeal to this Court, that decree was reversed and the order of the Commission was reinstated. Holding that the Commission’s order was not arbitrary or capricious, this Court said:
[I]t was the intent of the Legislature to grant the Commission wide latitude and discretion in considering and acting upon applications for permits to operate retail liquor stores.
*836 ******
The test to be applied by an appellate court to a decision of a commission or administrative agency is whether such decision is supported by substantial evidence or whether such action is arbitrary, capricious, unreasonable or an abuse of discretion. Id. 208 So.2d at 48.
Powell v. State Tax Commission, 233 Miss. 185, 101 So.2d 350 (1958), denied mandamus to require the Commission to issue a permit to sell beer at retail. The Commission had determined that applicant was not of good moral character, and this was held to be a discretionary exercise of power, not reviewable by mandamus.
The question here is whether we can say that the Commission abused its discretion and acted arbitrarily and capriciously in denying appellee a retail liquor permit on the ground that the application was a subterfuge by the applicant in that she was acting as an agent of her father who was disqualified from obtaining a permit because of his indebtedness to the State for delinquent sales taxes.
We cannot say that the Commission abused its discretion in finding as it did and in denying the application for license. As was held in Package Store, Inc., the Commission has “wide latitude and discretion in considering and acting upon applications for permits to operate retail liquor stores.” The common law of agency is not the proper criterion to determine whether the Commission abused its discretion in this instance. Code Section 10265-23(2) states that the Commission “shall satisfy itself” that the applicant is the “true and actual owner of the business,” and that he intends to carry it on for himself, “and not as the agent of any other person,” and that he intends to superintend in person management, of the business, or will designate a manager to be approved by the Commission.
The appellee is a young lady, twenty-two years of age. About three months before she filed her application, her father, who had previously been in the illegal liquor business, was denied a permit because of the large amount of money that he owed the State in unpaid sales taxes. Appellee’s application was for the same premises that her father’s had been. She proposed to utilize her father’s first name in the name of the store, naming it “Ferdie’s Package Store.” At the time of the application, she was a college student and proposed to designate as her manager a man w.ho had formerly worked for her father in his illegal liquor business, although at the hearing she indicated that she would be willing to appoint some other manager. Appellee owns the land and building, but most of the money used to purchase the land and build the building was acquired over a period of years from her father.
The Commission can consider the evidence and reasonable inferences from it. Under all of these circumstances we cannot say that the Commission abused its discretion in denying appellee a permit, and in finding that her application was a “subterfuge,” in that by reasonable inference she was acting for and through her father, for the purpose of evading the statutory prohibition of a licensee being indebted to the state for delinquent taxes. In considering all of the above circumstances and inferences to be drawn therefrom, the Commission could reasonably conclude that it was highly probable that appellee, being young in years and deriving her funds from her father, would be under the direction and to some extent the control of her father.
McCanless v. State, ex rel. Hamm, 181 Tenn. 308, 181 S.W.2d 154, 153 A.L.R. 832 (1944), involved a rule of the Tennessee Commissioner prohibiting issuance of a license to a relative of a person whose license had been revoked. Denying the application for a permit, it was held that the rule was a reasonable one, and that the experience of the Commission had indicated *837 relatives were often used as a “front” for the prior licensees. The Court held:
While it may be that the relator, the brother-in-law of the lawless dealer previously conducting this establishment, is himself a man of good character as the record indicates, he is nevertheless a brother-in-law. A man so connected with another is ordinarily subject to the influence of that other, and to prevent fraud and deception, the Commissioner was entirely justified in barring relatives as successors to law-breaking liquor dealers. It is everywhere now accepted that the business of dealing in intoxicating liquors is subject to the most stringent regulations as to places where it is conducted, persons who shall conduct it, and as to whether it shall be conducted at all. * * *
Another well-established proposition is that an innocent activity may be regulated or prohibited if its pursuit frequently offers opportunity for fraud or deception. * * *
While as an individual the relator may be qualified as a liquor dealer, as a brother-in-law of Hallum he is disqualified. The ban on his pursuing this avocation is justified by reason of the opportunity that his connection with Hallum affords the latter indirectly to conduct a business in which he has forfeited his right to engage. (Id. at 314-315, 181 S.W.2d at 156, 153 A.L.R. at 835-836).
No person has a vested right to have a license for the sale of intoxicating liquors issued to him. Qualifications prescribed by the statute are construed as strict limitations on the granting of such licenses. Accordingly, it is held that where another person who is himself disqualified from holding a license has a financial interest in the premises or business, and would dominate the applicant in operating the business, the license may be refused. 48 C.J.S. Intoxicating Liquors § 135 (1947); 30 Am. Jur. Intoxicating Liquors § 152 (1958); Annot., 153 A.L.R. 836 (1944).
Licensing power for retail liquor permits is placed in the Commission, not the courts. The Commission is given a “wide latitude and discretion” in acting upon such applications. Under the circumstances of this case, we cannot say that the Commission abused its discretion in denying ap-pellee the requested permit. There were sufficient facts and inferences from facts to justify denial of the permit.
For these reasons, the decree of the chancery court reversing the Commission is set aside, and the order of the State Tax Commission is reinstated and affirmed.
Reversed and order of State Tax Commission reinstated and affirmed.
All Justices concur.