Douglas **PRICE, d/b/a Video Review, Plaintiff/Appellant,**

v.

**STATE of Tennessee, W.J. Michael Cody, et al., Defendants/Appellees.**

**DEA CORPORATION, Intervening Plaintiff/Appellant,**

v.

**STATE of Tennessee, W.J. Michael Cody, et al., Defendants/Appellees,**

v.

**CDJ, INC., Intervening Plaintiff/Appellant,**

v.

**STATE of Tennessee, W.J. Michael Cody, et al., Defendants/Appellees.**

Supreme Court of Tennessee, at Knoxville.

March 18, 1991.

John P. Valliant, Knoxville, for appellant Douglas Price.

Edward L. Summers, Haynes, Meek & Summers, Knoxville, for appellant CDJ, Inc.

Charles W. Burson, Atty. Gen. and Reporter, Byron M. Jones, Asst. Atty. Gen., Nashville, for appellees State.

Michael S. Ruble, Deputy Law Director, Knoxville, for appellee Knox County.

## OPINION

O'BRIEN, Justice.

This case was initiated in the Chancery Court for Knox County as a declaratory judgment action challenging the constitutionality of T.C.A. § 7-51-1101, et seq. known and cited as the Adult-Oriented Establishment Registration Act of 1987.

Plaintiff, Video Review, owned by Douglas Price, is a video rental store dealing in movies to be played on home video cassette recorders. Approximately sixty percent (60%) of the movies rented are rated "R" by the Motion Picture Association and about ninety percent (90%) of "R" movies show either simulated sexual intercourse, or nudeness exposing human sexual organs. Approximately fifteen percent (15%) of the rentals carry an X-rating.

CDJ, Inc., an intervening plaintiff, jointly owns, with CDJ, Limited, a Tennessee limited partnership, the premises where a business is conducted under the name of Katch One. Katch One is a bar and lounge holding a valid beer license issued by Knox County. The Katch One club, in addition to its bar, features a large stage and showcase upon which female independent contractors perform as topless dancers and go-go dancers, etc. Its revenues come from membership fees, cover charges and beer sales.

DEA Corporation, d/b/a Mouses Ear Lounge, also an intervening complainant, is a nude dancing establishment in Knox County. It derives its income from membership charges, cover charges and beer sales.

The Adult-Oriented Establishment Registration Act took effect on 17 May 1987. It was adopted by the Knox County Board of Commissioners on 15 June 1987. Since plaintiffs are more easily identifiable by their trade names we note that the plaintiffs, Video Review and the Mouses Ear Lounge have filed a joint brief in which they set out a number of issues, charging that various provisions of the Act violate their First and Fourteenth Amendment rights under the United States Constitution and their rights under Article I, § 19 of the Tennessee Constitution.

The same issues are presented for review by Katch One, which proposes an additional issue relative to trial court error in failing to find that the Act prohibits the sale of alcoholic beverages in Adult-Oriented Establishments in violation of the First Amendment to the Federal Constitution, and Article I, § 19, of the Constitution of

Tennessee. This appellant also charges error to trial court failure to recognize that the Act constructively revokes its beer license, denying it due process under the Fifth and Fourteenth Amendments to the United States Constitution.

 There is a question of standing in reference to several of the issues presented. With respect to the plaintiff, Douglas Price, d/b/a Video Review, neither the State nor the county considers his operation to come within the purview of the statute in question. This is undoubtedly true. The definitions of "adult book store" and "adult-oriented establishment" contained in the statute clearly exclude the business of this plaintiff from coverage under the Act. It may be that he was entitled to a declaratory judgment that the act is not shown to be applicable to his business, otherwise, his suit was properly dismissed.

All of the plaintiffs question the requirement for disclosure of personal information and other standards, including the Civil Disability Provisions of the Act, which must be met in order to obtain a license or permit. There is nothing in the record to indicate that any of the parties, if subject to the provisions of the Act, would be deprived of the possibility of obtaining a license because of these strictures it contains therefore they cannot be injured by these provisions and lack standing to challenge them. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 609, 107 L.Ed.2d 603 (1990).

Notwithstanding the foregoing, the two appellants, other than Price, operate establishments permitting nude dancing, topless dancing and the like, but they also are licensed to sell alcoholic beverages. The regulation of entertainment provided in establishments licensed to sell alcohol is within the authority of the State. See *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981); *McCanless v. State ex rel. Hamm,* 181 Tenn. 308, 181 S.W.2d 154 (1944);

*State ex rel. Amvets Post 27 v. Beer Board,* 717 S.W.2d 878 (Tenn.1986).

The judgment of the trial court dismissing the complaint in this case is affirmed. Costs on this appeal are assessed equally among the plaintiffs.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.