# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CC-01087-SCT

*D. J. KOENIG & ASSOCIATES, INC.*

*v.*

*MISSISSIPPI STATE TAX COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/24/2001 |
| TRIAL JUDGE: | HON. WILLIAM JOSEPH LUTZ |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | SHELDON G. ALSTON<br>ALEX A. ALSTON, JR. |
| ATTORNEYS FOR APPELLEE: | JEFFREY JOHNS LITTLE<br>GARY WOOD STRINGER<br>BOBBY R. LONG |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED ON DIRECT AND CROSS-APPEAL - 02/13/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., COBB AND GRAVES, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After two hearings before the Alcoholic Beverage Control (ABC) Division of the Mississippi State Tax Commission, the solicitor's permit of D.J. Koenig & Associates, Inc. was suspended for one month.  The Madison County Chancery Court ultimately affirmed the suspension.  Koenig appeals to this Court arguing that the Commission had no authority to suspend its permit, the evidence was not clear and convincing, proper notification of the

charges was not received, the Commission improperly amended the indictment, and the penalties assessed were inappropriate.

¶2. We find that Koenig acted in total derogation of the authority granted to the ABC pursuant to Miss. Code Ann. § 67-1-37(b) by defying the cease and desist letter and continuing to sell the items in question. For this reason, we affirm the chancery court.

**FACTS**

¶3. Laquita Koenig, 49% owner of D.J. Koenig & Associates, Inc. ("Koenig"), and her son, Bill Hawks, the general manager of Koenig, solicited orders of and sold to Mississippi package retailers items such as cherries, olives, beans, wine re-corkers, and flasks. Dave Koenig, 51% owner of Koenig, testified that the items were sold under the assumption that they were considered mixers pursuant to ABC Regulation No. 54. After learning of these sales, the ABC Division of the Commission ("the ABC") sent a cease and desist letter to Koenig on August 17, 2000, informing it that items, including, but not limited to, cherries, olives, wine re-corkers and flasks, are not salable by package retailers and that ABC Regulation No. 54 requires ABC approval of such items prior to sale. Documents and testimony induced from Dave Koenig indicated that Koenig continued to sell the items after receiving the cease and desist letter from the ABC because Koenig had decided for itself that the cherries, olives and beans were mixers and were legal because other stores had been selling them for some time with no objection from the ABC. On September 6, 2000, Koenig was notified by certified mail that a hearing would take place on November 1, 2000. On

2

September 13, 2000, Koenig was notified by certified mail that the hearing was changed to November 15, 2000.

¶4.    The hearing letter stated that a determination would be made as to whether Koenig violated (1) ABC Regulation No. 54; (2) Miss. Code Ann.§ 67-1-57(a) by compromising the trust reposed in him by misleading and/or encouraging the sales contrary to Miss. Code Ann. § 67-51-1(b) and Regulation No. 54; and (3) Miss. Code Ann. § 67-51-1(a) based on Koenig's prior conduct. As to the prior conduct, the hearing letter noted incidents occurring in 1997 and 1995. In 1997, Koenig sold a non-alcoholic wine based product to package retailers without first obtaining written permission, seemingly in violation of Regulation No. 54. According to the ABC, Koenig received a warning and was placed on notice that the regulation required written approval prior to selling non-alcoholic products to package stores. In 1995, Koenig was found in violation of ABC Regulation No. 33 and was fined for failing to file timely reports of distribution samples and for failing to follow proper procedures for shipment and labeling of sample distributions. The hearing letter noted that the items at issue included, but were not limited to, cherries, olives and beans. On November 9, 2000, a letter was sent to Koenig confirming a conversation the day before in which Koenig was informed that the sale of flasks would be discussed at the hearing.

**November 15, 2000, Commission hearing**

¶5.    The Commission found that from May to August of 2000, Koenig sold cherries, olives, beans, and flasks to package retailers in violation of Miss. Code Ann. § 67-1-51(b) and ABC Regulation 54. The Commission further found that Koenig misrepresented to

3

package stores that these items were authorized as "mixers" pursuant to § 67-1-57(b). The Commission's order stated that Koenig was aware of the regulatory procedure for obtaining prior approval of items for sale in package stores and that Koenig had previously indicated an unwillingness to follow proper procedures. The Commission concluded that Mr. Koenig violated Miss. Code Ann. § 67-1-57 (a) by compromising the trust reposed in him through repeated disregard of the alcoholic beverage laws and regulations.

¶6. The Commission ordered suspension of Koenig's permit for one month and probation for one year. Koenig was also prohibited from receiving remuneration from any company for sales made during the suspension period and from having any contact with any permittee, manufacturer or wholesaler doing business in Mississippi. Koenig timely appealed the Commission's order to the Chancery Court of Madison County.

**Appeal to Madison County Chancery Court**

¶7. Chancellor Lutz reversed and remanded the case finding that Regulation No. 54 applies to package retailers not solicitors and was improperly applied to Koenig, that the trust reposed language in § 67-1-57 applies to those seeking to qualify for a permit, and that the Commission exceeded its authority by applying Regulation No. 54 to Koenig because it only grants the Commission the power to revoke or suspend a retailer's permit, not a solicitor's permit. The Chancellor also noted that the Commission contended at the administrative hearing at the chancery court appeal that Koenig solicited retailers to sell flasks but that charge was not included in the indictment against Koenig and was objected

4

to at the administrative hearing. The Chancellor held that since the action is penal in nature, the Commission erred in allowing the amendment of the indictment at trial.

¶8. Further, the Chancellor found that the evidence was not sufficient to support the finding that Koenig violated the trust reposed in it. Specifically, the Commission produced one witness that stated that Mrs. Koenig said the ABC authorized the sale of cherries, olives and beans. The only other witness stated that Mrs. Koenig told him the items were mixers, not that they were legal or had been approved by the ABC. Koenig produced 84 affidavits and several witnesses from package retailers throughout Mississippi who stated that Koenig did not represent that the items were legal to sell. Koenig also presented witnesses who testified to its reputation and fitness for the trust reposed in it as a solicitor.

¶9. The Chancellor further agreed that Koenig did not have to prove that cherries, olives, and spiced beans are "mixers" under Regulation No. 54 and that the Commission "altered the previous definition of mixers found in Regulation No. 54 and applied it in a post hoc manner." Chancellor Lutz noted that this Court has stated, "[a]mbiguities in a regulation should be construed against the agency where the agency seeks to apply its interpretation on a post hoc basis and the regulated party has already adopted and abided by a reasonable interpretation." *State v. Beebe*, 687 So.2d 702, 707 (Miss. 1996).

¶10. After reviewing all of the applicable laws, the evidence and the testimony, the Chancellor found that the Commission exceeded its authority and abused its discretion in suspending the solicitor's permit. He also found that the Commission only has the express authority to grant, and by the same token to deny, a solicitor from acting as a salesman,

5

soliciting orders, and promoting products, and therefore the Commission's order exceeded its authority in barring Koenig from contacting alcoholic beverage permittees, wholesalers, or manufacturers. Miss. Code Ann. § 67-1-51(d).

## On remand to the Commission

¶11. After Chancellor Lutz's order was filed, the Commission issued a certified letter to Koenig on February 15, 2001, informing it of a hearing set for March 15, 2001. The hearing was changed to April 2, 2001. The additional charge of lack of control of Koenig's employees in violation of Regulation No. 31 was raised and flasks, pourers, wine stoppers, wine preservers, shot glasses and sure-shots were added to the list of items which are illegal to sell to package retailers. The time period of the violations was also extended from June to August of 2000 to May to September of 2000. The Commission ultimately found Koenig in violation of all charges and again ordered a one-month suspension, one-year probation, and no remuneration from any company for sales made during the suspension period.[1] The Commission also ordered the ABC to notify **all** manufacturers and wholesalers represented by Koenig and **all other** permittees of the decision and penalties imposed.

## Second Appeal to the Madison County Chancery Court

¶12. Chancellor Lutz affirmed the Commission's second order dated April 4, 2001. The Chancellor opined that the Commission properly framed the violation in the context of Miss. Code Ann. § 67-1-37 and that the evidence and testimony at the second hearing established

---

[1] Although the Chancellor inadvertently stated that he "reversed and rendered" regarding the remuneration issue, it is clear from the record that he and the Commission both agreed that Koenig should receive no remuneration for sales made during the suspension month.

6

the allegations. Additional witnesses, including Dave Koenig's secretary, provided testimony showing Mrs. Koenig's misrepresentations to package retailers. The Chancellor found that the evidence and testimony presented established sufficient cause to support the suspension. Koenig filed a motion to alter or amend the judgment which was denied. Koenig timely appealed to this Court.

## DISCUSSION

¶13. Our review of decisions rendered by the Mississippi State Tax Commission is limited to whether the administrative agency's decision was supported by substantial evidence, was arbitrary or capricious, was an abuse of the agency's discretion or was a violation of a constitutional or statutory right. *Miss. State Tax Comm'n v. Jenkins*, 624 So.2d 91, 92 (Miss. 1993); *Miss. State Tax Comm'n v. Package Store, Inc.*, 208 So.2d 46 (Miss. 1968). We will not substitute this Court's judgment for that of the agency when the findings are supported by substantial evidence. *State Bd. of Psychological Examiners v. Coxe*, 355 So.2d 669, 671 (Miss. 1978). The Commission cross-appealed. However, because we have addressed its issues in the direct appeal we will not separately discuss it.

### I. WHETHER THE COMMISSION HAS AUTHORITY TO PENALIZE KOENIG FOR THE ALLEGED ACTIONS.

¶14. The Alcoholic Beverage Control Division ("ABC") is a division of the Mississippi State Tax Commission ("Commission"). The Commission is the exclusive wholesaler for alcoholic beverages in Mississippi. Miss. Code Ann. § 67-1-41. The Legislature has prescribed various permits for alcoholic beverage related businesses. In order to sell unopened alcoholic beverages, not to be consumed on the premises, in a store at retail, a

7

package retailer's permit must be obtained. *Id*. § 67-1-51(b). Liquor manufacturers or producers send sales persons to retail stores to promote their brands and convince the retailers to carry their products. This practice requires a solicitor's permit. *Id*. § 67-1-51(d). Koenig has had a solicitor's permit since 1982.

¶15.    The Commission has the power and duty

> [t]o revoke, suspend or cancel, for violation of or noncompliance with the provisions of this chapter or the law the production and sale of native wines, or any lawful rules and regulations of the commission issued hereunder, or for sufficient cause, any permit issued by it under the provisions of this chapter.

*Id*. § 67-1-37(b).

> **Before a permit is issued** the commission shall satisfy itself. . . that . . . each of its principal officers and directors, is of good moral character and, in addition, enjoys a reputation of being a peaceable, law abiding citizen of the community in which he resides, and is generally fit for the trust to be reposed in him..."

*Id*. § 67-1-57(a) (emphasis added).

¶16.    The Commission submitted in its second order that if the permittee fails to maintain the qualifications set forth in § 67-1-57(a), the Commission is authorized to revoke, suspend or cancel the permit pursuant to § 67-1-37(b) which was the Commission's original stated basis for the suspension of Koenig's permit. Koenig argues that the "trust reposed" language of § 67-1-57(a) applies to those applying for a permit. The Chancellor noted this argument in his order and held that this section did not apply to Koenig's actions at issue. The statute is clear; it begins with the phrase, "[b]efore a permit is issued." Additionally, no other provision of the Code states that § 67-1-57(a) applies to maintaining the permit. It only

8

states that it applies to seeking a permit. That is not to say that a permittee is no longer accountable for his actions, but the actions at issue here do not fall under that statutory section.

¶17. Koenig also argues that the Commission stated no violation of law or regulation of which Koenig was guilty and that to suspend Koenig's permit under the "sufficient cause" language of § 67-1-37(b) is unconstitutional. Legislative power may not be "vested with an arbitrary and uncontrolled discretion." *State v. Allstate Ins. Co.*, 231 Miss. 869, 882, 97 So.2d 372, 375 (1957). The Chancellor affirmed the suspension on this basis in the second appeal. This argument requires a closer look.

¶18. The Commission argues that Koenig violated the trust reposed as set forth in § 67-1-57 (a) and was, therefore, subject to suspension under § 67-1-37(b). As noted above, we find that § 67-1-57(a) does not apply to the actions at issue here. Therefore, the question is, can Koenig be suspended under § 67-1-37(b) alone? We find that the "sufficient cause" language within the statute is an express grant of power that does not give arbitrary or capricious discretion to the Commission.

¶19. We have stated "that government agencies have only such powers that are expressly granted to them, or necessarily implied in their grant of authority. Any acts which are not so authorized are void." *Farrish Gravel Co. v. Miss. State Highway Comm'n*, 458 So.2d 1066, 1068 (Miss. 1984) (citing *Strong v. Bostick*, 420 So.2d 1356 (Miss. 1982); *Golding v. Salter*, 234 Miss. 567, 107 So.2d 348 (1958)). The Mississippi Legislature has been adamant about the strict controls over alcoholic beverage sales and consumption. The

9

intention of the Legislature has been to maintain that strictness of controls via the Commission and its ABC division. The Legislature gave an express grant of power to the Commission to suspend, revoke or cancel permits. We find that the Legislature intended for that power to extend to actions for which the Legislature could not or did not account in drafting the statute. The Commission is given authority under § 67-1-37 to revoke, suspend or cancel a permit for either non-compliance or for other sufficient cause.

¶20. Therefore, as long as there was sufficient evidence before the Commission to suspend the permit, we will not disturb that finding. The Chancellor has twice reviewed the evidence and ultimately ruled that there was sufficient evidence. Upon our own review of the evidence in the record, we agree that there was sufficient evidence under § 67-1-37(b) to support a suspension of Koenig's permit.

¶21. The record contains testimony and affidavits supporting both sides. The Commission and the Chancellor found the evidence against Koenig, specifically the witness testimony as to the misrepresentations by Mrs. Koenig, to be convincing. Most importantly, even after the cease and desist letter was sent, Koenig continued to sell the items even after the ABC put it on notice that they were not proper items to sell. Koenig totally disregarded the authority and power of the ABC. Koenig is not new to dealing with the ABC or its regulations. Koenig has pushed the envelope in the past. As noted previously, Koenig was in a situation quite similar to the instant case in 1997. While Koenig was not found to be in violation of any regulations at that time, it was put on notice as to the proper procedures

10

to follow. The 1997 matter dealt with Regulation No. 54, the same one at issue here.

Regulation No.54 clearly states that

> [a]ny questions regarding the permissibility of products intended for sale by package retailers governed by this regulation should be submitted, in writing, to the Director of the Alcoholic Beverage Control Division.

ABC Reg. No. 54. Koenig did not do this. Moreover, Dave Koenig testified that he and his employees had discussed the sale of cherries, olives and beans and had determined for themselves that they were legal. A red flag should have gone up, especially in light of the previous dealings with the ABC, that this was not the proper way to proceed. At the minimum, Koenig should have followed the mandate given in the cease and desist letter until further review was had. For this reason, we affirm the Chancellor. We find a detailed analysis of Regulation No. 54 at this time to be unnecessary.

¶22. Koenig also asserts that ABC Regulation No. 31 does not apply to it in this action. Regulation No. 31 states as follows:

> The manufacturer's registered representative shall be held responsible for all activities, including the personal conduct, of all **employees of the manufacturer** in connection with the representation of their business in this state. Every employee or representative of a manufacturer shall observe state laws and the rules and regulations of the Alcoholic Beverage Control Division of the State Tax Commission.

Alcoholic Beverage Control Div., Reg. No. 31 (emphasis added). The Commission charged Koenig with failure to maintain responsibility over the personal conduct of its employees by permitting them to solicit orders for and to sell said items. Regulation No. 31 is directed at the employees of the manufacturer, not at a solicitor's employees. Our common law

11

pertaining to agency deals sufficiently with the responsibility Koenig has with regard to his employees and obviously is not at issue here as it is the actions of the employees of Koenig that are at issue. Those actions, in this case, are imputed to the employer. Koenig has admitted responsibility for the actions of its employees. Therefore, this issue is without merit.

## II. WHETHER KOENIG WAS PROPERLY NOTIFIED OF THE VIOLATIONS CHARGED AGAINST IT PRIOR TO THE HEARING.

¶23. Koenig argues that it was never notified that it was being charged under the specific portion of the Miss. Code Ann.§ 67-1-37(b) relating to "other sufficient cause" and that this section of the statute was not mentioned until the Commission filed its second appellee's brief with the chancery court. Koenig cites *In re Ruffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed. 2d 117 (1968), for the proposition that procedural due process is not afforded if a charge becomes known after a proceeding has commenced. The charges in *In re Ruffalo* were amended after testimony was given in direct relation to that testimony. *Id.* Koenig makes no comparable analogy in this case. Even still, this argument is without merit.

¶24. Administrative agencies must afford minimal due process consisting of notice and an opportunity to be heard. *State Oil & Gas Bd. v. McGowan*, 542 So.2d 244, 246 (Miss. 1989) (collecting authorities). Koenig was given both. The specific statute was not mentioned in the hearing letters, only violations of § 67-1-51(a) and (b), and Regulation Nos. 31 and 54. However, § 67-1-37 was discussed in the first hearing, and this put Koenig on notice that it was at issue in the second hearing. Sufficient grounds were stated for the

12

charges brought against Koenig, especially in light of the content of § 67-1-37, which merely states the powers and duties of the Commission, not a specific charge against a permittee.

¶25. Koenig further complains that it was not notified that items sold after the cease and desist order would be at issue. This assertion defies all common sense. Of course, any items sold after warning was issued will be targeted and rightfully so.

### III. WHETHER THE COMMISSION INAPPROPRIATELY AMENDED THE INDICTMENT AGAINST KOENIG.

¶26. Koenig contends that the Commission amended the indictment against it after the case was remanded from chancery court and that it was required to defend against a moving target. The Commission sent a second letter notifying Koenig of the second hearing and the determinations that the Commission would make. As noted previously, additional charges were made, and some were clarified. Koenig claims that this is a violation of Uniform Circuit and County Court Rule 7.09 which states that "[a]ll indictments may be amended as to form but not as to the substance of the offense charged." Koenig cites no case law that would make this Rule applicable to an administrative hearing. Further, the letters issued are not "indictments." They are notifications of the charges to be determined by an administrative agency. Due process was afforded pursuant to Miss. Code Ann. § 67-1-37 via notice and an opportunity to be heard. This issue is without merit.

## IV. WHETHER THE PENALTY ASSESSED IS APPROPRIATE FOR THE VIOLATIONS ALLEGED.

¶27. Koenig argues that the actions do not endanger the public and that the one-month suspension is too harsh and may put it out of business. Koenig states that package stores are usually only suspended for one week for selling to minors, an act which endangers the minors and the public. Koenig also states that a package store which was selling the items Koenig sold to it is not being suspended because the Commission found no intent to violate the regulations. Since no intent to violate the regulations was shown, Koenig contends that the punishment is arbitrary and capricious and should be voided. However, Koenig cites no legal authority supporting any of these contentions.

¶28. The Commission notes that Koenig's permit could have been revoked altogether and that the actions taken could have caused serious repercussions to the package stores involved. The Commission is given broad discretion concerning its powers and duties over alcoholic beverage permits. *Miss. State Tax Comm'n v. Moore*, 209 So.2d 832, 835 (Miss. 1968). With no legal authority to support its arguments and with due regard for the broad discretion given to the Commission in matters of this nature, the one-month suspension and one-year probation will not be disturbed. If this were merely a case of a solicitor pushing the boundaries of the regulations, the outcome might be different. However, Mrs. Koenig and other employees clearly made independent decisions about what to sell and made false representations to package dealers. For those reasons, the penalty stands.

## CONCLUSION

¶29.   We find that Miss. Code Ann. § 67-1-37(b) grants the Commission the power to suspend Koenig's permit. Further, we find that the evidence was sufficient to support the finding and that the Chancellor's review of the case is sound.  The one-month suspension and one-year probation are upheld as being within the sound discretion of the Commission. The Chancellor was correct in his findings regarding remuneration and is hereby affirmed on that issue as well.  The Chancery Court's judgment is affirmed.

¶30.   **AFFIRMED ON DIRECT AND CROSS-APPEAL.**

**PITTMAN, C.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. SMITH, P.J., AND GRAVES, J., CONCUR IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**